## A. SELWYN LYNDE vs. CITY OF MALDEN.

Middlesex.    January 8, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assessment of Taxes — Demand for Payment on Resident Owner of Land —*
*Recovery back of Price by Purchaser at Tax Sale.*

Under the St. of 1889, c. 334, § 4, no demand for the payment of an assessment for the expense of the construction of a sidewalk is necessary upon a non-resident owner of real estate.

If the owner of land is assessed for more than his due proportion of the expense of the construction of a sidewalk, the assessment is, by the Pub. Sts. c. 11, § 84, "void only to the extent of the illegal excess," and he can recover damages not greater than the amount of such illegal excess, but a purchaser at a tax sale of such land cannot, by reason of such illegal assessment, be said to have "no claim upon the property sold," within the St. of 1888, c. 390, § 44, which will entitle him, upon seasonable offer to surrender or discharge the deed or to transfer the estate, to recover back the price paid therefor.

CONTRACT, by the purchaser of a parcel of land situated in the city of Malden, to recover back from the treasurer and collector of taxes of that city the price paid for the land, at a tax sale, together with interest.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The street commissioners of the city of Malden, being duly chosen and qualified, and having, under the St. of 1893, c. 377, the same authority as the mayor and board of aldermen, under the provisions of the Pub. Sts. c. 50, §§ 20, 22, on July 7, 1892, levied an assessment of $70 for the expense of a sidewalk on real estate in Malden, owned by Alonzo V. Lynde, the whole tax being $105, on both land and buildings. The assessment was made on the basis of the preceding valuation of 1891 or 1892 of $7,000 on the land and buildings, $1,600 of which was assessed on the build-

ings, and $5,400 on the land. The assessment remaining unpaid, the estate was, on April 16, 1894, after due advertisement, sold by public auction to A. Selwyn Lynde on payment of $85.30, the consideration named in the deed to him, executed May 5, 1894, which recited that the owner of the estate, at the time of the assessment, was a non-resident in Malden. On June 9, 1894, the plaintiff offered in writing to surrender, assign, transfer, or discharge the deed and estate to the defendant for the following reasons: " Because the deed does not state the cause of sale or name of the person on whom the demand for the tax was made. Because there is no time stated in said deed when or that a demand was made for the payment of the tax. Because no demand was ever made upon the alleged owner of said estate, or his agent or attorney or the person in possession, for the tax assessed. Because there was no lawful valuation and assessment of said tax on said estate. Also by reason of the many errors, omissions, and informalities in the assessment, deed, and sale of said property and estate, for which reasons I have no claim thereon, and for evidence of the statements herein made I refer to the deed herein specified, to the record, valuation, assessment, and collector's warrant of the said city of Malden, from the assessment of taxes upon said estate to the sale of said estate for the non-payment thereof, and also to competent witnesses. Said deed is recorded in Middlesex South District Registry of Deeds, in book 2271, page 458."

*A. V. Lynde,* for the plaintiff.

*J. F. Wiggin,* for the defendant.

LATHROP, J. The plaintiff purchased of the treasurer and collector of taxes of the city of Malden a parcel of land in that city, and received a deed of the same. He seeks to recover back the price paid at the tax sale, together with interest, under the St. of 1888, c. 390, § 44, which provides as follows: " If it should subsequently appear that, by reason of any error, omission, or informality in any of the proceedings of assessment or sale, the purchaser has no claim upon the property sold, there shall be paid to said purchaser, by the city or town whose collector executed said deed, upon his surrender and discharge of the deed so given, the amount paid by such purchaser, together with interest on the same at the rate of ten per cent per annum,

which payment shall be in full satisfaction of all claims for damages for any defects in the proceedings: provided, the said purchaser, within two years from the date of such deed, offers in writing to surrender and discharge the same, or to assign and transfer to the city or town all his right, title, and interest therein as the collector thereof shall elect."

Section 47 reads thus: "No city or town and no collector or treasurer of a city or town shall, under the provisions of section forty-four, pay or be liable for the amount due upon any deed therein referred to or for any part thereof unless the offer of the holder of such deed contains a specific statement of the reason why such holder has no claim on the estate sold, with the evidence on which he relies; and if such evidence is based upon any public record or upon facts shown in any such record, the statement above required shall contain a specific reference to the particular instrument relied upon."

The offer in this case states four specific reasons why the holder has no claim upon the estate sold, and also the general reason that there are many errors, omissions, and informalities in the assessment, deed, and sale of the property. · Reference is made, for evidence of the statements in the offer, " to the deed herein specified, to the record, valuation, assessment, and collector's warrant of the said city of Malden, from the assessment of taxes upon said estate to the sale of said estate for the non-payment thereof, and also to competent witnesses."

We need not consider the general ground stated, as it is clearly too vague to be a compliance with the statute.

The first three reasons proceed upon the theory that a demand should have been made upon the owner of the land at the time the assessment was made. But by the St. of 1889, c. 334, § 4, it is provided that "no demand need be made of a non-resident owner of real estate." The deed sets forth that the owner of the estate at the time of the assessment was a non-resident in Malden. No demand upon him was therefore necessary.

The fourth reason given for the offer is this: "Because there was no lawful valuation and assessment of said tax on said estate." Section 47, above cited, requires "a specific statement of the reason," and there must be "a specific reference to the particular instrument relied upon." Whether a general state-

ment that there was no lawful valuation and assessment and a general reference to the record are enough, we need not consider. For if the plaintiff could get over this difficulty, he is met with another. The assessment in question, for the expense of a sidewalk, was made under the Pub. Sts. c. 50, § 22, and it is contended that the board of street commissioners of the defendant city, in making the assessment, exceeded the power given by the Pub. Sts. c. 50, § 22, which is in these words: " and may assess not exceeding one half of the expense proportionally upon the abutters on such sidewalks; but no abutter shall be assessed a sum exceeding one per cent of the valuation of his abutting estate as fixed by the last preceding annual assessment for taxes." The valuation of the estate for the preceding year was $7,000, of which $1,600 was assessed on the buildings, and $5,400 on the land. The plaintiff contends that the valuation of the land only should be considered, and not the valuation of the land and the buildings. But if the former owner of the land was assessed for more than his due proportion of the expense, the assessment was " void only to the extent of the illegal excess." Pub. Sts. c. 11, § 84. So the St. of 1888, c. 390, § 94, provides in effect that no sale, contract, or levy by a collector of taxes shall be avoided by reason of any error or illegality in the assessment or apportionment of a tax by which a person is assessed in excess of his due proportion. He can in such a case recover damages not greater than the excess of the tax above the amount for which he was liable to be taxed. The section concludes with these words: " and no sale, contract, or levy shall be avoided by reason of such error or irregularity."

It cannot therefore be said that, if the former owner of the land was assessed for more than he should have been, " the purchaser has no claim upon the property sold."

This view of the case renders it unnecessary to determine whether the words in the agreed facts, " the whole tax being $105," mean that the whole expense, one half of which was to be assessed to the abutter, amounted to $105, as contended by the plaintiff, or whether they mean, as the defendant contends, one half of the expense of the sidewalk.

*Judgment for the defendant affirmed.*