## WORTH MOORE ET AL v. J. A. ROGERS.

### No. 1633. Decided February 20, 1907.

**1.—Motion—Costs—Tax Sale.**

On a motion to set aside a sale on foreclosure of the lien for taxes, because sale was advertised by wrong name of owner, the trial court acts at its discretion in awarding costs (Rev. Stats., art. 1428), and its action can be reversed on appeal only where abuse of such discretion appears. (P. 362.)

**2.—Tax Sale—Advertisement.**

A mistake in the name of defendant in advertisement of a sale of land under decree of foreclosure of tax lien renders the sale voidable only, and the purchasers, being in no wrong, should be protected, where the sale is set aside, by requiring the owner to return the full amount paid by them, without regard to how it was applied by the sheriff. (P. 363.)

Moore and Luckett obtained writ of error from a judgment reversing and rendering, on Rogers appeal, a judgment in a proceeding by him to set aside a tax sale.

*Ray Hunter,* for plaintiff in error.—When an execution sale is voidable, or even void, it is incumbent upon the judgment debtor, as a prerequisite to his recovery in an action to set aside such sale and deed thereunder, that he offer to restore to the purchaser at such sale the amount of his bid, in the absence of proof of fraud on the part of the purchaser. Howard v. North, 5 Texas, 290; Johnson v. Caldwell, 38 Texas, 218; Bailey v. White, 13 Texas, 114; Terry v. Cutler, 23 S. W. Rep., 539; Walker v. Lawler, 45 Texas, 532; Burns v. Ledbetter, 54 Texas, 374; Cline v. Upton, 59 Texas, 27; Galveston, H. & S. A. Ry. Co. v. Blakeney, 73 Texas, 180.

An Appellate Court will not disturb the judgment of the trial court in its adjudication of the costs of a proceeding, unless such error has been called to the attention of the trial court.

*Jas. C. Scott,* for defendant in error.—The trial court erred in charging appellant with the costs. (Rev. Stats., art. 1425; Bexar County v. Voght, 91 Texas, 286; City of Vernon v. Montgomery, 33 S. W. Rep., 606.)

BROWN, ASSOCIATE JUSTICE.—J. A. Rogers began this action in the District Court of Tarrant County, the Forty-eighth District, by motion to set aside a sale of lot 13, block 24, Jennings' South Addition to the city of Fort Worth, made by virtue of an order of sale issued out of

the District Court on a judgment entered on the 15th day of October, 1904, in favor of the State of Texas against J. A. Rogers, for the sum of $25.62 and costs of suit and foreclosing a tax lien upon the lot before described. The order of sale was issued on the 7th day of November, 1904, and the lot was advertised for sale as the property of J. A. Bowers and was regularly sold on the 6th day of December, 1904, purchased by and deeded to Worth Moore by the sheriff upon a bid of $40.77 which was paid to the sheriff. The motion was based upon the irregularity of advertising the property in the name of J. A. Bowers instead of J. A. Rogers, and also it was charged that the sheriff did not give written notice to Rogers, the owner of the property. Rogers tendered into court the amount of the said judgment and interest with cost of that suit and prayed that the sale and deed made in pursuance thereof be set aside.

The defendants, Worth Moore and A. P. Luckett, answered by a number of exceptions and by general denial and specially claimed that the plaintiff had been guilty of laches, resisting the motion and praying that it be dismissed. The case was submitted to the judge without a jury, who gave judgment in favor of Rogers that the sale and deed be set aside and in favor of Moore and Luckett that they recover of Rogers the amount of their bid, $40.77, foreclosing lien on the lot, giving Rogers sixty days in which to pay the amount of the bid and six percent interest from the date of the judgment; and, in case of his failure, ordering the clerk to issue an order of sale to the sheriff to sell the land in satisfaction of the judgment.

Rogers appealed to the Court of Civil Appeals, which reversed the judgment so far as it taxed the costs of the District Court against Rogers and also as to the amount of $1 of the cost charged by the sheriff upon the sale of the property and affirmed the judgment in all other particulars. Worth Moore and A. P. Luckett sued out this writ of error upon the ground (1) that the Court of Civil Appeals erred in giving judgment against them for the $1 excess of charge by the sheriff for making the deed, and (2) that the court erred in reversing the judgment of the District Court so far as it gave judgment for the costs of that court against Rogers and in entering judgment for the same against Moore and Luckett.

Article 1428 of the Revised Statutes is in these words: "On all motions the court may give or refuse costs at its discretion, except where it is otherwise provided by law." It is not otherwise provided by any law as regards the class of motions now before the court, therefore, the article quoted vested in the district judge a discretion which was not subject to revision by the Honorable Court of Civil Appeals, unless it appeared from the evidence that the trial judge had abused the discretion which the statute reposed in him. There was no evidence of such abuse, therefore, the Court of Civil Appeals erred in reversing the judgment of the District Court and in entering judgment against the plaintiffs in error for the costs of the trial court.

This proceeding is by a motion in the case wherein the original judgment was entered and is distinctly within the terms of article 1428 above quoted. It is a proceeding in which the discretion given by the statute should be conferred upon and exercised by the trial court

in order that it may accomplish the very purpose of the proceeding, which is to administer the law so as to require the person who resorts to the summary proceeding to do justice in the case.

The judgment and the order of sale were valid and the proceedings under that order by which the land was sold were regular, except that the sheriff made a mistake in advertising the land as the property of "J. A. Bowers" when it should have been advertised as the property of "J. A. Rogers." This did not have the effect to make the sale void, but voidable only, there being no evidence of any participation of the purchasers, the plaintiffs in error, in the error committed, nor any fraudulent act on their part in connection with the sale and purchase, the Honorable Court of Civil Appeals correctly held that it devolved upon Rogers to restore the purchasers to their former position; that is, to return to them the full amount of their bid.

The purchasers, Moore and Luckett, had no control over the money after it was paid to the sheriff and were in no way responsible for his misappropriation of the $1 by applying it to the payment of an excessive charge for making the deed. If there was an excess in the bid over the amount which the sheriff could lawfully collect, it was the proceeds of the sale of Rogers' land and belonged to him in the hands of the sheriff. He had the right to make the sheriff account to him for the dollar improperly applied to the payment of the unlawful fee. Moore and Luckett had no claim upon the money after it was paid to the sheriff and were in no way responsible for his application of it to the satisfaction of the writ in his hands. They could have had no action against the sheriff themselves for the misappropriation. The court therefore erred in rendering judgment against Moore and Luckett for the $1.

In granting the application in this case we did not observe the rule that this court will not grant an application for a writ of error for the sole purpose of correcting errors committed in adjudging costs of the proceeding, but this will not be considered a precedent for future action upon like questions.

For the errors stated it is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed. It is further ordered that Rogers pay all costs of the Court of Civil Appeals and of this court.

*Reversed and judgment of District Court affirmed.*