(Court of Criminal Appeals of Texas. March 29, 1916. Rehearing Denied April 19, 1916.)

**1. CRIMINAL LAW ⚖⟹884 — PUNISHMENT — FRACTION OF YEAR—MURDER—SENTENCE— VALIDITY.**

Under Pen. Code 1911, art. 1026, providing for punishment of not less than 2 years nor more than 15, it is within the province of the jury to fix the term at any intermediate length of time, and it need not be in even years, but may be for a fractional part of a year.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2107, 2526; Dec. Dig. ⚖⟹ 884.]

**2. CRIMINAL LAW ⚖⟹829(1) — APPEAL AND ERROR—INSTRUCTIONS.**

It is not error to refuse a special requested charge already fully covered by the main charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ⚖⟹829(1).]

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Idella Hare was convicted of assault to murder, and she appeals. Affirmed.

H. E. Marshall, of Liberty, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and her punishment assessed at 2 years and 6 months' confinement in the state penitentiary.

[1] The only bill of exceptions in the record complains that the jury was unauthorized to assess the punishment at 2½ years, and that a verdict must fix the punishment in years, and not a fractional part of a year. Article 1026 of the Penal Code provides the punishment to be assessed shall not be less than 2 years nor more than 15. Within these limits the jury has authority to fix the term of imprisonment at any length of time deemed advisable.

[2] The special charge requested was fully covered by the court's main charge, and under such circumstances there was no error in refusing it.

The only other question presented is, it is insisted that the evidence is insufficient to sustain the conviction. If the evidence for the state was believed by the jury, it makes a plain case of assault to murder.

The judgment is affirmed.

═══════

## BONOUGLI v. BROWN. (No. 5618.)*

(Court of Civil Appeals of Texas. San Antonio. March 29, 1916. Rehearing Denied April 19, 1916.)

**1. APPEAL AND ERROR ⚖⟹907(3)—STATEMENT OF FACTS—NECESSITY.**

Where the record contains no statement of facts, the findings of the trial court must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673; Dec. Dig. ⚖⟹907(3).]

**2. SHERIFFS AND CONSTABLES ⚖⟹48—TAXATION ⚖⟹691—TAX SALES—FEES—STATUTE.**

Under Rev. St. 1911, art. 7691, prescribing to what fees the sheriff and district clerk shall be entitled for making sales of property in tax suits, no fee bills can be lawfully made in tax cases except as provided, the law being perfect and complete in itself.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 75; Dec. Dig. ⚖⟹48; Taxation, Cent. Dig. § 1368; Dec. Dig. ⚖⟹ 691.]

**3. TAXATION ⚖⟹840—RECOVERY OF PENALTY, INTEREST AND COSTS OF DELINQUENCY SUIT —STATUTE.**

Rev. St. 1911, art. 7699, gives incorporated cities and towns the power to institute suits for delinquent taxes "for the recovery of the taxes due on said property, together with penalty, interest, and costs of suit," such penalty, interest, and costs being those provided by Acts 1897, of which article 7699 is section 16.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1656; Dec. Dig. ⚖⟹840.]

**4. TAXATION ⚖⟹302 — EXCESSIVE LEVY — INVALIDITY.**

An excessive levy for taxes is absolutely void, whether the excess is caused by including unlawful expenses, such as officers' fees, with lawful taxes, or otherwise.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 496; Dec. Dig. ⚖⟹302.]

**5. JUDGMENT ⚖⟹486(1)—COLLATERAL ATTACK.**

A void judgment may be attacked in any proceeding by any one.

[Ed. Note.—For other cases, see Judgment, Cent.Dig. §§ 919–921, 923; Dec.Dig. ⚖⟹486(1).]

**6. EXECUTION ⚖⟹258—COLLATERAL ATTACK.**

Like a void judgment, a void execution sale can be collaterally attacked.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 736–739, 789; Dec. Dig. ⚖⟹ 258.]

**7. TAXATION ⚖⟹734(1) — EXCESSIVE LEVY — PROVISION FOR RETURN OF SURPLUS—STATUTE.**

Under Rev. St. 1911, art. 7689, providing that after foreclosure of a tax lien an order of sale shall issue and the land be sold, and that, if any sum remains after payment of taxes, interest, penalties, and costs, it shall be paid by the sheriff to the clerk of the court out of which the execution or order of sale was issued, to be retained by him for two years, subject to the order of the court, and then paid to the state treasurer, who shall hold the sum in trust for the owner, the fact that a levy for taxes is excessive, through the sheriff and district clerk retaining unlawful fees out of the proceeds of the sale of the land, does not render the sale null and void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1408, 1470, 1471; Dec. Dig. ⚖⟹ 734(1).]

**8. TAXATION ⚖⟹734(10)—SALE—ATTACK FOR EXACTION OF ILLEGAL FEES—STATUTES.**

Under Rev. St. 1911, art. 7689, providing for the return to the owner of an excess amount obtained from a tax sale, and article 7690, authorizing the sheriff after sale for taxes to make deeds to purchasers, which shall be held in any court of law and equity to vest good title in the purchaser, subject to impeachment only for actual fraud, where land was sold for delinquent taxes, and the sheriff and district clerk retained excessive fees from the amount received, the sheriff's deed to the property could not be attacked for such excess in costs in trespass to try title by a third party claiming under the owner, since article 7689 renders any excess in the costs of sale illegally charged the owner a

mere irregularity, while a sale under order issued under a valid judgment foreclosing a lien for taxes cannot be attacked for any irregularities under article 7690.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470, 1471; Dec. Dig. ⟨key⟩ 734(10).]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Walter Brown against A. Bonougli. From a judgment for plaintiff, defendant appeals. Judgment rendered for defendant.

Hicks, Hicks, Teagarden & Dickson, of San Antonio, for appellant. T. C. Mann, of Laredo, for appellee.

FLY, C. J. This is an action of trespass to try title to certain blocks of land in the city of Laredo, Tex., instituted by appellee against appellant, the plaintiff pleading that Stephen E. Rice was the common source. The cause was tried without a jury, and judgment was rendered in favor of appellee for title and possession to blocks Nos. 248, 249, 250, 252, 550, 594, 636, 689, 696, and 725, Eastern Division of the City of Laredo.

In April, 1905, the city of Laredo sued Stephen E. Rice in the district court of Webb county, Tex., to foreclose its lien for taxes on the property herein described, with other property, and on June 29, 1905, obtained judgment for the taxes and a foreclosure of the lien and all costs of suit. On August 8, 1905, an order of sale, authorized by the judgment, was issued to the sheriff of Webb county, and levied on eleven blocks of land, one more than claimed by appellant, and the same were duly sold; the ten herein claimed to appellant and the other to George R. Page, the ten lots bringing $47.50, and the single one $5, the aggregate being $50.36. The findings of the judge show that the sheriff kept out of the amount $1.25 for his commissions, and the district clerk received more than $1.50 for his costs. On May 18, 1912, for a consideration of one dollar, Stephen E. Rice executed a quitclaim deed to John M. Daniel to 16 blocks, among the number being those in controversy. Daniel, by special warranty deed, conveyed the property to appellee on February 1, 1913. This suit was instituted on March 26, 1913.

[1, 2] There is really but one point in this suit, although it is claimed that questions of limitation and laches arise, and that is, Does the collection of fees by officers, neither authorized nor permitted by law, render a sale of property for taxes null and void? There is no statement of facts in the record, and it must be taken as true that the sheriff and district clerk received out of the money for which the lands were sold fees not permitted by article 7691, Rev. St. In addition to one dollar allowed the sheriff in that article, he collected $1.25 commissions as under execution or orders of sales other than in tax suits, and the district clerk collected more

than the $1.50 allowed him in that article. In that article it is provided:

"The sheriff shall be entitled to a fee of one dollar for selling and making deed thereto to each purchaser of land that he sells under judgment for taxes, which shall be taxed as costs of suit; and the district clerk shall be entitled to a fee of one dollar and fifty cents in each case, to be taxed as costs of suit."

Evidently a different schedule of fees is intended to be provided in tax suits, for, in addition to fixing the fees of the officers mentioned, the law in question fixes the fees of the county attorney, the collector, and the county clerk. The law was intended to be and is perfect in itself, and no other fee bills can be lawfully made in tax cases as provided therein. If commissions were to be allowed the sheriff as in other cases, or the district clerk were to be allowed the same fees as in other cases, we must presume the statute would have so provided; but such was not done, and the officers are entitled to no fees except as therein provided. We must therefore conclude that the officers charged more than the law authorized or permitted.

[3] By article 7699, incorporated cities and towns are clothed with the power to institute suits for delinquent taxes "for the recovery of the taxes due on said property, together with penalty, interest and costs of suit." What "penalty," what "interest," what "costs"? Those prescribed in some other law? Any that the city might choose to select? They must necessarily be the "penalty," the "interest," and the "costs" provided for in the act of which the particular article was a part. No other reasonable construction can be placed upon the language. It will not suffice to say that the suit was to be instituted by the city attorney and no fees were provided for him, or that the collector and county clerk would have nothing to do with the suit. The sheriff and the district clerk would have the same duties to perform in connection with a city suit as with a state and county suit, and their fees are fixed by the act of which the article as to cities is a part. Although cities may not be exempted from payment of costs as are state and county, still the fees are fixed for the sheriff and district clerk. Neither is there any merit in the proposition that the law does not apply to cities and towns because the city council orders the suits brought, and they and the city attorney get no fees, and therefore the sheriff and district clerk can charge under another and higher fee bill.

[4] An excessive levy for taxes is void, whether it is made excessive by including unlawful expenses with lawful taxes or otherwise. The statutory power to seize and sell the property of the citizen for taxes, the amount of which is beyond his control, is a power to sell for lawful taxes and lawful expenses, and, if an unlawful item is included under either head, the sale is absolutely void. It does not matter how small the unlawful

amount may be, it renders the sale void, for the maxim de minimis non curat lex has no application to such cases in the absence of a statute so providing. Cooley on Taxation, pp. 955–958, and footnotes. It has been held in this state that, if excessive interest or costs are collected from the sale of property for taxes, it invalidates the sale. Lufkin v. Galveston, 73 Tex. 340, 11 S. W. 340; Eustis v. Henrietta, 91 Tex. 325, 43 S. W. 259. This seems to be the rule in every American state not having a statute to the contrary.

In discussing this subject in the cited case of Lufkin v. Galveston, the court, after citing a California case, held:

"It is said in the case cited that 'the rule as established by the authorities is that if the excess be as much as the smallest coin authorized by law the sale is void.' * * * There is reason for the rule. It is to the interest of the public that illegal taxes should be so declared, and a trivial sum exacted of each taxpayer becomes a matter of importance as applied to the body of the taxpayers at large, and may become important in amount to each individual owner of property by reason of the continued exactions of successive years."

This was said in a case of excessive interest in the sum of 70 cents.

In the cited case of Eustis v. Henrietta, the language quoted was fully approved, and it was held that excessive costs would render a tax sale null and void.

The Supreme Court justified its action in holding a sale void which included any amount, no matter how small, not permitted by statute, on the grounds if collected from many taxpayers it would amount to a large sum, or if collected from the individual for a number of years it might amount to a considerable sum. However, the better reason for holding such sales void is that the state has no power or authority to sell the property of the citizen for any amount without express statutory authority, and any attempt to do so is despotic, invalid, and illegal. That such small illegal sum should render the entire sale a nullity must result from the fact that some part of the property was taken to satisfy the illegal sum, and that such part would not have been sold at all if only what was lawful had been called for.

[5, 6] It may be, as contended by appellant, that the same rules as to attack upon an ordinary judgment apply to judgments for taxes, and one of those rules is that a void judgment may be attacked in any proceeding by any one. A tax sale made under like circumstances with those in this case has been declared void by the Supreme Court, and, if this case could come within its purview, it is open to attack collaterally or otherwise. As said in the Lufkin-Galveston Case:

"The principle is well established that if a portion of the tax for which the property is sold is illegal the sale will be a nullity."

If a void judgment can be attacked collaterally, so can a void execution sale be collaterally attacked. As said in the case of

185 S.W.—4

Moody's Heirs v. Moeller, 72 Tex. 635, 10 S. W. 727, 13 Am. St. Rep. 839:

"A voidable sale passes the legal title subject to be avoided by a direct proceeding for that purpose, and it is not subject to a collateral attack. It may be ratified. But a void sale conveys no title, is incapable of ratification, and may be shown to be a nullity even in a collateral proceeding."

The amount of costs is rarely, if ever, recited in a judgment, but the bill of costs usually accompanies an execution or order of sale, and, when it is held that illegal costs will invalidate a sale, it is meant usually the costs shown by the bill of costs attached to and made a part of the execution or order of sale.

[7] In article 7689 it is provided that, after foreclosure of a tax lien, an order of sale shall issue and the land be sold thereunder as in other cases of foreclosure; and, further, if any sum remains after the payment of taxes, interest, penalties, and costs, it should be paid by the sheriff to the clerk of the court out of which the execution or order of sale was issued, to be retained by him for two years subject to the order of the court, and then paid to the state treasurer, who shall hold the same in trust for the owner thereof. That law was enacted in 1895, and re-enacted in 1897, and since its enactment, provision having been made for the return of any surplus, such additional amount obtained at a tax sale would not, standing alone, be sufficient ground to justify declaring the sale null and void. A similar law was so construed in North Dakota in a case wherein a sheriff had collected illegal fees in the sum of $5.60, and it was held that the collection of such fees did not invalidate the sale for taxes. Darling v. Purcell, 13 N. D. 288, 100 N. W. 726.

The Supreme Court of Texas, after the passage of the Acts of 1895 and 1897, held in the case of Moore v. Rogers, 100 Tex. 361, 99 S. W. 1023, in regard to the collection of illegal costs by the sheriff, as follows:

"The purchasers, Moore and Luckett, had no control over the money after it was paid to the sheriff and were in no way responsible for his misappropriation of the $1 by applying it to the payment of an excessive charge for making the deed. If there was an excess in the bid over the amount which the sheriff could lawfully collect, it was the proceeds of the sale of Rogers' land and belonged to him in the hands of the sheriff. He had the right to make the sheriff account to him for the dollar improperly applied to the payment of the unlawful fee. Moore and Luckett had no claim upon the money after it was paid to the sheriff, and were in no way responsible for his application of it to the satisfaction of the writ in his hands."

The statute in question was not called to the attention of this court on the original consideration of this case, and consequently decisions hereinbefore cited and reviewed were taken as controlling. No effort was made by the Supreme Court in the Moore-Rogers Case to distinguish it from cases occurring before the enactment of article 7689, but they completely ignored that article, and

the cited case is in apparent conflict with the older decisions, and is obiter dictum, and it would not be considered by this court were it not for the statute. Being obiter dictum, of course it is not binding on this court, but in the light of the statute .we deem it a proper enunciation of the law. It is persuasive as tending to show the trend of opinion of the Supreme Court, at least as composed at that time.

[8] Under the terms of article 7689, provision having been made for the return of an excess amount obtained from a tax sale to the owner, it was evidently contemplated that the collection of illegal items should not vitiate a sale.

In article 7690 the sheriff is authorized, after sale of the property for taxes, to make deeds to purchasers, "and such deed shall be held in any court of law or equity in this state to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud." Under that law it has been held that a sale made by virtue of an order of sale, issued under a valid judgment foreclosing a lien for taxes, cannot be attacked for any irregularities. Houssels v. Taylor, 24 Tex. Civ. App. 72, 58 S. W. 190. Under provision for return of any excess in the sale over the taxes, interest, penalties, and costs, charging illegal costs would be a mere irregularity.

We have had our attention called to the case of Bean v. Brownwood, 43 S. W. 1036, in which it was held, without any seeming reference to article 7689, that illegal costs would not vitiate a sale for taxes, as was done afterwards by the Supreme Court, when ,without that statute the decisions cannot be justified and would be in direct conflict with, not only the Texas decisions, but those of most of the other states. The decision in the Bean Case was afterwards reversed by the Supreme Court (91 Tex. 684, 45 S. W. 897), but not on the holding as to illegal costs, and the views of the Court of Civil Appeals on that point, as herein shown, were afterward adopted by the Supreme Court in Moore v. Rogers.

The Supreme Court of Arkansas, in the case of Kelley v. Laconia Levee Dist., 74 Ark. 202, 85 S. W. 249, 87 S. W. 638, held that illegal costs would not vitiate a tax sale, and places its ruling on the ground that if an error was committed in this respect it could have been corrected on an appeal; and, further, it ,was held:

"A sale under an order of a court of competent jurisdiction is different from that made for nonpayment of taxes without such an order. The latter for illegal fees would be void, and the former would not be."

If that be the correct rule, the seeming conflict between decisions made before the enactment of the tax laws of 1895 and 1897 and the decisions in Moore v. Rogers and Bean v. Brownwood disappears, and both can be sustained.

In the absence of the provisions in articles 7689 and 7690, the opinions in Lufkin v. Galveston and Eustis v. Henrietta, herein cited, are correct and state the law, but under the requirements of those two articles the later decisions can be justified. Those provisions contemplate cases in which there may be more money obtained at a tax sale than is required to settle legal demands, and also provides that a tax deed cannot be attacked on any ground but that of fraud. Of course it is meant a deed based on a sale made according to the requirements of law. In the Moore-Rogers Case the land was advertised as the property of "J. A. Bowers" instead of "J. A. Rogers," and the Supreme Court held:

"This did not have the effect to make the sale void, but voidable only; there being no evidence of any participation of the purchasers, the plaintiffs in error, in the error committed, nor any fraudulent act on their part in connection with the sale and purchase, the honorable Court of Civil Appeals correctly held that it devolved upon Rogers to restore the purchasers to their former position; that is, to return to them the full amount of their bid."

In that case the attack on the sale was direct and the sale was set aside as being voidable. In this case the attack is made in a collateral proceeding, and if the sale was voidable, as we do not hold, the suit cannot be sustained.

As held in Lufkin v. Galveston, the provisions of article 7690 as to attacks on tax deeds must be held to mean a tax deed which is based upon the requisites of the law having been complied with in getting the judgment and the issuance of the necessary order of sale at least. When the legal requirements are complied with, the act of an officer in collecting illegal costs cannot invalidate the tax deed. Under similar statutes, which contemplate that a surplus may be obtained at tax sales and returned to the owner, it has been uniformly held that an excess in costs or otherwise will not annul the sale. Parker v. Sexton, 29 Iowa, 421; Lynde v. Malden, 166 Mass. 244, 44 N. E. 227.

It will be noted in this case that the judgment was in all points legal and valid; a legal and valid order of sale was issued to obtain the taxes and legal costs assessed, and the sale was made as required by law for those taxes and costs, and after the purchaser had paid his money for the land the sheriff and. clerk appropriated a .portion of the purchase money to which they were not entitled under the law. There is nothing to indicate that the court had ordered or that the sale was made for any sum not upheld by the statute. If the illegal costs were embodied in the bill of costs accompanying the order of sale, the record does not disclose it, and in the very nature of things the commissions of the sheriff could not have been set out in the bill of costs because they depended on the amount for which the land was sold. All the record discloses is a valid judgment, a valid order of sale, and nothing

illegal until after the sale, when the illegal costs were appropriated by the officers. The illegality of the costs did not enter into nor become any part of the sale, so far as the record discloses. The sale should not be set aside for that irregularity.

In the recent case of Hill v. Lofton, 165 S. W. 67, the Court of Civil Appeals of the Seventh District held that the inclusion of illegal fees in the bill of costs appended to the order of sale under a judgment for taxes would render the sale void; but the ruling was not essential to the decision of the case, and was evidently made without due consideration for the statute and the later decisions, and they are not referred to, and only decisions rendered under the old law when property was seized for taxes without the support of a judgment are cited. As we have endeavored to show, those decisions have no pertinency under the law of 1897. Had the case of Moore v. Rogers, herein cited, been called to the attention of the Court of Civil Appeals, doubtless the unnecessary ruling would not have been made.

Our former opinion is withdrawn; the judgment thereunder set aside; and judgment now rendered that appellee, Walter Brown, take nothing by his suit; that appellant be quieted in his title, and that he recover of appellee all costs in this behalf expended.