### HARLOW H. ROGERS *vs.* CITY OF CAMBRIDGE.

Suffolk.    April 2, 1917. — June 7, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Tax,* Recovery of amount paid for invalid tax title. *Notice.*

The provision of St. 1909, c. 490, Part II, § 45, that before a purchaser at a tax sale, who has no claim upon the property by reason of an error, omission or informality in the assessment or the sale, can recover from the municipality the amount which he paid with interest, he shall make an offer in writing to the collector to surrender and discharge his deed or to assign and transfer to the municipality all his right, title and interest in the premises, as the collector shall elect, and that such offer shall "contain a specific statement of the reason why the holder has no claim on the land sold, with the evidence upon which he relies," requires that before such right arises in the purchaser the collector shall be furnished with a statement sufficiently specific to enable him to determine whether there was an error, omission or informality in the assessment or sale, and a definite statement of what the error, omission or informality consisted, together with the evidence to show the essential facts.

A statement accompanying such an offer, which applies to several different purchases and alleges one hundred and forty-three reasons why the purchaser was entitled to be reimbursed, many of which are vague and general and one of which alleges that the assessment, advertisements and tax deed erroneously indicated that the premises contained buildings, another that the buildings were only partly on the premises, and still another that the assessment, advertisements and tax deed erroneously omitted to indicate that the premises contained buildings, are so inconsistent and lacking in definiteness as to fail to satisfy the requirements of the statute.

CONTRACT, by the purchaser of certain property in the city of Cambridge at two tax sales, to recover from that city under St.

1909, c. 490, Part II, § 45, the amounts, with interest, which he paid under the terms of the sales. Writ dated January 26, 1916.

In the Superior Court the case was heard by *Hardy*, J., without a jury. Other material evidence is described in the opinion.

The "offer" of the plaintiff, alleged to be made in accordance with the provisions of the statute, was upon printed blanks, the introductory part of which was as follows:

"To the Collector of taxes for Cambridge in the County of Middlesex and Commonwealth of Massachusetts.

"I hereby offer to surrender and discharge the several tax deeds (now held by me and which are hereinafter specified by reference to the books and pages of record or otherwise) or to assign and transfer all my right, title and interest therein to said Cambridge as you shall elect; I to thereupon receive therefor the amount which was paid for said several deeds with interest at the rate of eight percent per annum; or the amount to which I may be legally entitled. All Acts, Laws and Statutes herein referred to shall be construed to also mean and include any and all other Acts, Laws and Statutes in amendment thereof or in addition thereto. 'R. L.' means Revised Laws. Each and every reason, part and number of this offer and document shall also be deemed and construed to operate and apply specifically, severally and independently to each and every deed herein referred to, and assessment, notice, demand, advertisement, item, thing and particular of the proceedings to which said deeds relate.

"This offer is made for each of the following, several, independent, specific reasons, namely: — "

Then followed in print the one hundred and forty-three reasons described in the opinion, and a description, by registry record book and page and alleged owner of the land when assessed, of a number of deeds "to which this offer refers."

The plaintiff presented nine requests for rulings, of which the eighth was as follows:

"8. That the offer to surrender and discharge — or assign, etc. (Acts of 1909, Chapter 490, Part II, Section 45; Acts of 1912, Chapter 390) setting forth that 'The assessment, advertisements of sale and tax deed severally indicated erroneously that the premises contained buildings' is sufficiently specific in respect to the disclosure of that ground of error."

The ruling was refused. There was a finding for the defendant; and the plaintiff alleged exceptions.

St. 1909, c. 490, Part II, § 45, is as follows: "If it subsequently appears that, by reason of an error, omission or informality in the assessment or the sale, the purchaser has no claim upon the property sold, he may within two years after the date of the deed, offer by writing given to the collector, to surrender and discharge his deed or to assign and transfer to the city or town all his right, title and interest in the premises, as the collector shall elect. Such offer shall contain a specific statement of the reason why the holder has no claim on the land sold, with the evidence upon which he relies, and if such evidence consists of any public record or of facts shown therein, such offer shall contain a specific reference thereto. Upon such surrender and discharge or assignment and transfer, the city or town shall pay to the purchaser the amount which he paid with interest at the rate of eight per cent per annum which payment shall be in full for all damages for any defects in the proceedings or under the warranty in such deed. No city or town and no treasurer or collector thereof shall pay or be liable for any amount due under the provisions of this section unless such statement is filed."

The case was submitted on briefs.

*R. D. Swaim,* for the plaintiff.

*H. F. R. Dolan,* for the defendant.

CARROLL, J. This action is by the purchaser of two tax titles, to recover under St. 1909, c. 490, Part II, § 45, from the defendant city, amounts, with interest, paid by him for said titles, on the ground that, by reason of errors, omissions or informalities in the assessment or the sales, he has no claim upon the property sold.

The plaintiff purchased the property August 4, 1911, at a tax sale, for the unpaid taxes of 1910. On July 7, 1914, at a sale for unpaid taxes for 1913, he again bid in the property. Within two years from the date of each deed, (see now St. 1912, c. 390,) "the plaintiff sent by registered mail to the collector of the defendant city a paper" in one of which the plaintiff offered to surrender thirty-four tax titles and in the other ten tax titles, each paper containing one hundred and forty-three alleged reasons why he had no claim on the land. There was a finding for the defendant.

St. 1909, c. 490, Part II, § 45, gives the purchaser at a tax sale who has no claim upon the property by reason of an error, omission or informality in the assessment or the sale, the right to offer in writing to the collector to surrender and discharge his deed, or to assign and transfer to the city all his right, title and interest in the premises, as the collector shall elect, upon which surrender and discharge, or assignment and transfer, the city shall pay the purchaser the amount which he paid, with interest. The offer must "contain a specific statement of the reason why the holder has no claim on the land . . . with the evidence upon which he relies."

Under this statute the collector is entitled to a statement sufficiently specific to enable him to determine whether there was an error, omission or informality in the assessment or sale, and a definite statement of what the error, omission or informality consisted, together with the evidence to show the same.

Statements such as those given by the plaintiff, referring to a number of tax titles and alleging that for the one hundred and forty-three reasons there stated he is entitled to the amounts paid, are altogether too vague and general, and are not sufficiently specific to serve the purpose of the statute or permit a recovery. In No. 139 of the reasons given the plaintiff alleges, assessment, advertisements and tax deed erroneously indicated that the premises contained buildings. In reason No. 140 he says the buildings were in part only on the premises, and in reason No. 141 that the assessment, advertisements and tax deed erroneously omitted to indicate that the premises contained buildings. Such an inconsistent notice does not give the collector adequate and sufficient information and it is not the specific notice required by the statute, even if in other respects it were accurate. This alone is enough to render it imperfect.

Without intimating that there was any error, omission or informality in the assessment or the sale, it is sufficient to say that under this statute no city or town, and no treasurer or collector thereof shall pay or be liable for any amount due under the provisions of this section, unless such statement is filed. As the statute has not been complied with, the plaintiff cannot recover in this action. See *Lynde* v. *Malden,* 166 Mass. 244, 246.

*Exceptions overruled.*