**Eunice REMLEY**

v.

**Mary Jo KLEYPAS, et al.**

**Civ. A. No. B-84-93-CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 30, 1986.

James E. Montgomery, Jr., Beaumont, Tex., for plaintiff.

Gary Gatlin and March Coffield, Seale, Stover, Coffield & Gatlin, Jasper, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

This case presents a sad tale of too little, too late. Plaintiff, Mrs. Remley, of New York City, borrowed $3,000 from the First National Bank of Jasper, Texas, with Susie Braswell as co-maker. The note became due and overdue, and not paid. Suit was instituted for the $3,000, interest, and attorney's fees, and alleged the indebtedness was secured by a certain mineral interest in Sabine County, Texas. The suit was filed May 27, 1975, Mrs. Remley was served through the office of the Texas Secretary of State on May 29, 1975, who forwarded the citation and petition to her on the next day by certified mail, pursuant to Art.

2031b, TEX.REV.CIV.STAT.ANN. (Vernon 1964), which she received June 16, 1975.

Mrs. Remley filed a Special Appearance, a hearing thereon was set by the trial court, Remley was notified to appear at the hearing, but she failed to appear. Not surprisingly, the state court overruled her Special Appearance. She received notice of the court's ruling, but she did not employ anyone to file an answer or otherwise protect her interests in the state court suit.

On September 29, 1975, default judgment was entered by the District Court of Sabine County, Texas, in favor of Susie Braswell for $6,879.30, plus interest, costs and attorney's fees.

To secure collection of said judgment, Susie Braswell was also awarded title to an undivided one-half interest in all the oil, gas and other minerals in property situated in Sabine County, Texas. Remley was notified of the entry of default judgment as required by Rule 239a, Texas Rules of Civil Procedure.

On October 22, 1980, Susie Braswell obtained a judgment nunc pro tunc in the same cause. Said judgment awarded her outright title to Eunice Remley's Sabine County mineral interest, instead of a mere lien on said property. The summary judgment record does not show Remley was served with notice that the judgment nunc pro tunc was being sought.

The mineral interest was sold at a Sheriff's Execution Sale on March 3, 1981, for $20,000.00 to satisfy the original 1975 judgment, and not the 1981 nunc pro tunc. The District Clerk issued the writ, delivered to the Sheriff, who caused it to be published as required, and Remley knew of the pending execution sale. The Sabine County District Clerk forwarded to Ms. Remley a check in the amount of $4,072.33, which represented the excess proceeds of the sale above the amount of the 1975 judgment, interests, costs and attorney's fees. Said check was endorsed and cashed by Keith Eloff, plaintiff's representative, who was present at the Sheriff's sale but did not bid.

Eunice Remley did not appeal the order overruling her Special Appearance, the 1975 judgment, nor the 1980 judgment nunc pro tunc. Instead, Ms. Remley filed this diversity action in federal court seeking to establish title to the subject property by setting aside the judgments and the execution sale. Named as defendants in this suit are the purchasers at the execution sale, John H. Seale, Johnnye Sue Martindale, and Mary Jo Kleypas, successors to whatever interest was acquired at the Sheriff's sale. All defendants have moved for summary judgment.

The plaintiff responded with a 1½ page reply, and 5–page letter, neither of which contain any citation to any case law, cites one of the Rules of Civil Procedure concerning amended pleadings, and two statutes, Art. 3.06 TEXAS BUSINESS & COMMERCE CODE (which section does not exist), the other being Art. 2031b, TEX.REV. CIV.STAT.ANN. (Vernon 1964), the Long-Arm Statute. This has not aided the court in its task, nor Mrs. Remley in her quest for return of her mineral interests. Defendants, while furnishing adequate summary judgment exhibits, have not submitted a comprehensive brief to support their position or to aid in the disposition of the cause, and cite only one decision, *Golden Panagia v. Panama Canal Comm'n,* 791 F.2d 1191 (5th Cir.1986), in which Judge Goldberg succinctly cites the ruling authority for Final Judgment procedures:

> Counsel ... informed this court at oral argument that Newell is ... dead. A Higher Court thus has jurisdiction over Henry Newell, and we are confident that any sins he may have committed will be dealt with appropriately there. *See Matthew* 25:41–46 (explaining Final Judgment procedures).

n. 7, p. 1199.

Thus, none of the litigants have done much to help this court in its analysis of the legal issues involved.

## I. THE 1975 DEFAULT JUDGMENT

A distinction must be made at the outset of this discussion between a collateral and a direct attack upon a judgment. A "direct attack" on a judgment is an attempt to amend, correct, reform, vacate, or enjoin execution of judgment in a proceeding instituted for that purpose, such as a motion for rehearing, an appeal, some form of writ of error, a bill of review, or an injunction to restrain its execution. *Pena v. Bourland,* 72 F.Supp. 290 (S.D.Tex.1947). An attack, to be direct, must be brought in a court where such judgment was rendered. *Pena,* 72 F.Supp. at 294. *See, Switzer v. Smith,* 300 S.W. 31 (Tex.Comm'n App. 1927). In contrast, a collateral attack is defined as an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating, but in order to obtain specific relief against which judgment stands as a bar. *Texaco, Inc. v. LeFevre,* 610 S.W.2d 173 (Tex.Civ.App.—Houston 1980 no writ). Thus, the instant case is not a suit to set aside or have vacated the 1975 default judgment, but rather, it is an action to establish title to the subject property in the plaintiff, who stands on the proposition that the default judgment is an absolute nullity, and as such, is subject to collateral attack.

It is well established under Texas and federal law that a collateral attack on a judgment will prevail only if the judgment is void and not merely voidable. *Little v. Celebrezze,* 259 F.Supp. 9, 11 (N.D.Texas 1966); *See also, Ex parte Coffee,* 160 Tex. 224, 328 S.W.2d 283 (1959); and *Stinson v. Stinson,* 668 S.W.2d 840 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Judgments which affirmatively show a jurisdictional defect on the face of the judgment or in the record are classified as void judgments. *Ranger Insurance Co. v. Robertson,* 680 S.W.2d 618 (Tex.App.—Austin, 1984, no writ); *Austin Independent School District v. Sierra Club,* 495 S.W.2d 878 (Tex.1973); *Litton v. Waters,* 161 S.W.2d 1095 (Tex. Civ.App.—San Antonio 1942, writ ref'd). Plaintiff's attorney asserts the citation served on the Secretary of State was not on file 10 days in the District Clerk's office of Sabine County before the 1975 default

judgment as required by Texas law. It is thoroughly established that the Rules of Civil Procedure relating to issuance, service and return of citation are regarded as mandatory, and failure to show affirmatively a strict compliance with the Rules will render the attempted service of process invalid and of no effect. *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813 (Tex.Civ.App.—Dallas 1979, no writ). The court agrees with this position; however, plaintiff misstates the facts in the present case. The summary judgment exhibits submitted by defendants show the executed citation was filed with the Sabine County District Clerk on June 9, 1975. Thus, no serious jurisdictional defects appear in the record or on the face of the 1975 default judgment which would cause said judgment to be set aside by this court.

It is equally well settled that, as against a collateral attack, a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issue of jurisdiction, imports absolute verity and no evidence of any kind, not even the remainder of the record, will be considered in contradiction thereof, even though such evidence would show that jurisdiction was not, in fact, acquired. *Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Allen v. Bolton,* 416 S.W.2d 906 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Treadway v. Eastburn,* 57 Tex. 209 (1881); *Pure Oil Co. v. Reece,* 124 Tex. 476, 78 S.W.2d 932 (Tex.Comm'n App.1935). The judgment in the case at bar recites the necessary jurisdictional facts, and therefore can only be assailed by a direct proceeding. *Levy v. Roper,* 113 Tex. 356, 256 S.W. 251 (1923); *Robins v. Sandford,* 29 S.W.2d 969 (Tex.Comm.App.1930); *Imatani,* 606 S.W.2d at 713. Thus, this court is compelled to hold that the plaintiff may not show in this collateral attack on the 1975 default judgment that the judgment is void for the reason that no valid service of process was effectuated upon the plaintiff. The judgment is regular and valid on its face, and the remainder of the summary judgment exhibits support the judgment's validity.

The plaintiff had an adequate opportunity to challenge the Texas court's jurisdiction by way of Special Appearance. *Green v. Green,* 424 S.W.2d 479 (Tex.Civ.App.—Tyler 1968, no writ). Plaintiff entered a Special Appearance by and through her attorney of record; however, plaintiff failed to appear at a hearing on this matter even after receiving notice of an order setting the hearing. As a result, the Texas court correctly overruled plaintiff's Special Appearance, rendering plaintiff amenable to the court's jurisdiction, and requiring plaintiff to answer the petition. Plaintiff neither appealed said ruling, nor requested a rehearing on the matter. When plaintiff failed to submit an answer to the Texas suit, the Texas court properly entered a default judgment against her. *Pace Sports, Inc. v. Davis Brothers Publishing Co,* 508 S.W.2d 493 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). Thus, this court finds that plaintiff's collateral attack upon the default judgment of the Texas court cannot be sustained in the case at bar, and hereby grants defendant's motion for summary judgment on this ground.

## II. THE 1980 JUDGMENT NUNC PRO TUNC

Although the above holding is sufficient for the entry of judgment for the defendants, the court will deal with the remaining contentions of the parties raised by the motion for summary judgment.

Defendants contend that no genuine issues of material fact exist as to the validity of the 1980 Texas court judgment nunc pro tunc. This position is untenable in the case at bar.

It is a well established rule under Texas law that a trial court has the power to correct errors in its judgment at any time, either during or after the term at which the judgment was rendered. *William v. Pitts,* 251 S.W.2d 148, 149 (Tex.1952); *Wood v. Griffin and Brandt of McAllen,* 671

S.W.2d 125 (Tex.App.—Corpus Christi 1984, no writ); *See,* TEX.R.CIV.P. 316. However, a court's power to correct its judgment after such judgment has become final is limited solely to the correction of clerical errors, as distinguished from judicial errors. *Wood,* 671 S.W.2d at 128. *Universal Underwriters Insurance Co. v. Ferguson,* 471 S.W.2d 28 (Tex.1971); *Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth,* 622 S.W.2d 152 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). To be clerical in nature, the error must be one which is not the result of judicial reasoning, evidence or determination. *Wood,* 671 S.W.2d at 128; *Mogford v. Mogford,* 616 S.W.2d 936 (Tex. Civ.App.—San Antonio 1981, writ ref'd n.r. e.); *Nolan v. Bettis,* 562 S.W.2d 520 (Tex. Civ.App.—Austin 1978, no writ).

▇ In the instant case, the 1975 default judgment awarded Susie Braswell title to plaintiff's Sabine County mineral interest in order to secure collection of the remaining monetary portion of the judgment. In contrast, the judgment nunc pro tunc awarded Susie Braswell outright title to said property. It is the opinion of this court that serious questions exist as to whether the judgment nunc pro tunc is valid since it purports to change, re-adjudicate, and re-write the substance of the 1975 default judgment. *See Mathes v. Kelton,* 569 S.W.2d 876 (Tex.1978); *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973). This ground of defendants' motion for summary judgment is therefore denied, since clear, satisfactory, and convincing evidence has not been shown that a mere clerical error was made in the entry of the default judgment. *See Davis v. Davis,* 647 S.W.2d 781 (Tex.App.—Austin 1983, no writ); *Perry v. Nueces County,* 549 S.W.2d 239 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r. e.).

Additionally, the Texas Rules of Civil Procedure require that notice of the motion for judgment nunc pro tunc be given to the non-moving party prior to a hearing on the matter. TEX.R.CIV.P., Rules 316 and 21a. Where the record fails to disclose that any such notice was given, the judgment nunc pro tunc is void. *Johnson v. Hanson,* 575 S.W.2d 361 (Tex.Civ.App.—Austin 1978, no writ).

In the case at bar, the record of the Texas court is devoid of any evidence tending to show that the plaintiff was given notice of the motion for judgment nunc pro tunc, nor have the defendants offered summary judgment evidence refuting plaintiff's deposition testimony that no notice was received. Therefore, the defendants' grounds for their motion for summary judgment based upon the judgment nunc pro tunc is denied, since the judgment nunc pro tunc is in all likelihood void and of no effect.

### III. THE 1981 SHERIFF'S EXECUTION SALE

Plaintiff also mounts a collateral attack upon the 1981 execution sale at which plaintiff's property was sold to defendants. This court finds that there are no genuine issues of material fact as to the validity of the sale, and hereby sustains this ground of defendant's motion for summary judgment.

At the outset of this discussion, a distinction must be drawn between void and voidable execution sales. A voidable sale passes legal title to the purchaser, is capable of being ratified, and can be set aside only in a direct proceeding against the sale. *Bonougli v. Brown,* 185 S.W. 47 (Tex.Civ. App.—San Antonio 1916). In contrast, a void sale conveys no title to the purchaser, and is not capable of ratification. *Bonougli, supra.* However, when the sale is void, the execution is subject to attack in any court and at any time. *Kellogg v. Southwestern Lumber Co.,* 44 S.W.2d 742 (Tex. Civ.App.—Beaumont 1931, writ ref'd). Thus, when a plaintiff asserts a collateral attack upon an execution sale, only a void sale can be challenged. In the case at bar, plaintiff asserts three lines of attack upon the execution sale in an attempt to hold the sale void.

Plaintiff initially contends that because the 1975 default judgment is void for lack

of personal jurisdiction, the execution sale is likewise void. Although case law supports this general position, this argument is readily dispensed with since this court has found the 1975 default judgment valid and enforceable. *See* discussion *supra. See also, Bonougli, supra.* Therefore, the writ of execution and order of sale issued pursuant to said judgment is valid.

■ Plaintiff next maintains that the execution sale should be set aside, since irregularities of the sale appear on the face of the record so as to render the sale void. This position is untenable since the evidence before this court appears to the contrary. It is well established under Texas law that courts will refuse to set aside an execution sale for mere irregularities unless the irregularities clearly show the sale to be void or contributed to an inadequate price being obtained for the property. *See, Rio Delta Land Co. v. Johnson,* 566 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). No such irregularities appear in the record of the Texas court proceeding:

(1) Plaintiff's property was sold by the Sabine County Sheriff at public auction at the Sabine County Courthouse. TEX.R.CIV.P. 646a.

(2) The sale occurred on the 3rd day of March, 1981, being the first Tuesday of the month, between 10 a.m. and 4 p.m. on said day. TEX.R.CIV.P. 646a.

(3) The time and place of the sale was advertised by the Sabine County Sheriff in a Sabine County newspaper once a week for three consecutive weeks preceding the sale. TEX.R.CIV.P. 647.

(4) The first of said publications appeared in print on February 5, 1981, not less than 20 days preceding the day of the sale. TEX.R.CIV.P. 647.

(5) Said notice by publication contained all the proper contents pursuant to the provisions of TEX.R.Civ.P. 647.

(6) The Sabine County Sheriff did send plaintiff personal written notice of execution of sale by certified mail after levying upon plaintiff's property. TEX.R.CIV.P. 647.

(7) Plaintiff did receive said notice at her address in New York City, New York. See plaintiff's deposition.

(8) The Sheriff conducted the execution sale prior to the return date upon the writ. *York Division, Borg-Warner Corp. v. Security Savings and Loan Association, Dickinson,* 485 S.W.2d 327 (Tex.Civ.App.—Houston 1972, writ ref'd n.r.e.).

(9) The district court properly tendered to plaintiff a check in the amount of $4,072.33, which represented the surplus received from the sale of property. Plaintiff accepted the benefits of said check by and through her representative, Keith Eloff.

(10) Although a question of inadequacy of price could possibly still exist in the case at bar, Texas law is clear that mere inadequacy of price alone does not grant plaintiff the right to set aside an execution sale, especially in view of the payment of $20,-000 to the Sheriff. *Rio Delta Land Co. v. Johnson,* 566 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). In light of the fact that no other irregularities exist in the issuance of the execution or in the conducting of the sale, this court finds that the sale is not void based upon inadequacy of price. Additionally, plaintiff does not allege that the price was so inadequate as to shock the conscience of this court. *Nancey v. Curry,* 257 S.W.2d 847 (Tex.Civ.App.—Dallas 1953, no writ).

■ Finally, plaintiff contends that the execution sale should be set aside since plaintiff tendered to Gary Gatlin, Susie Braswell's attorney, sufficient sums to satisfy the default judgment prior to the sale. It is undisputed that a judgment which has been discharged by payment will not authorize the issuance of execution. *Huggins v.*

*Johnston,* 120 Tex. 21, 35 S.W.2d 688 (1931). However, early Texas case law indicates that satisfaction of judgment as a grounds for enjoining issuance of execution, or in the present case to set aside the sale, is not shown by the fact that the judgment debtor placed a sufficient amount to pay the judgment in the hands of the attorney for the judgment creditor with the instructions to apply the proceeds to payment of the judgment. *Williams v. Bradbury,* 9 Tex. 487 (1853); *Hart v. Harrell,* 17 S.W.2d 1093 (Tex.Civ.App.—Eastland 1929, no writ). Thus, the key issue in this case is whether the Sheriff received full payment of the amount stated in the writ of execution and not whether payment was tendered to Susie Braswell's attorney. Once the writ is issued by the District Clerk, the Sheriff performs a ministerial duty to hold the execution sale unless instructed otherwise by an order from the appropriate official, or payment in full by the judgment debtor. The evidence before this court indicates that no payment was received by the Sabine County Sheriff prior to execution sale. Thus, this court finds no merit to plaintiff's contention, and holds the execution sale valid. This ground of defendants' motion for summary judgment is sustained.

■ An additional question has been raised by the defendants' motion for summary judgment as to the validity of the execution sale. No summary judgment evidence appears as to whether Susie Braswell had the District Clerk issue a writ of execution within the first 12 months after the rendition of the 1975 default judgment. In light of this fact, a question remains as to whether the default judgment became dormant, which could invalidate an execution sale effectuated upon it. *Allied Finance Co. v. Kelly,* 317 S.W.2d 790 (Tex. Civ.App.—Waco 1958, writ dism'd w.o.j.). It is undisputed that execution may not be issued on a dormant judgment, unless the judgment is revived. TEX.REV.CIV.

STAT.ANN. Art. 3773 (Vernon 1966); presently TEX.CIV.PRAC. & REM.CODE ANN. § 34.001 (Vernon 1986). However, Texas statutory and case law indicates that where execution has not been issued within the first 12 months after rendition of judgment, this fact does not render the judgment dormant. *Eason v. David,* 232 S.W.2d 427 (Tex.Civ.App.—Beaumont 1950, writ ref'd n.r.e.); *Cox v. Nelson,* 223 S.W.2d 84 (Tex.Civ.App.—Texarkana 1949, writ ref'd). Thus, in the case at bar, whether or not Susie Braswell obtained the issuance of a writ of execution within the first 12 months will not affect the validity of the sale since the 1975 default judgment was not dormant at the time of sale. The writ of execution was properly issued within ten years after rendition of judgment, pursuant to Art. 3773. Furthermore, it should be noted that an execution sale cannot be collaterally attacked, even if judgment upon which execution were issued had been dormant, since a sale thereunder would be merely voidable, and not void. *Collins v. Jones,* 79 S.W.2d 175 (Tex.Civ. App.—Beaumont 1935, writ ref'd). Thus, the execution sale is not invalid upon this ground.

### IV. LIMITATIONS

■ Having found adequate grounds to grant the motion for summary judgment, it is not necessary to rule upon the statute of limitations issue. However, this court holds that since this is an action to establish title to the Sabine County property in the plaintiff, and not a direct attack upon the 1975 default judgment, the two- and four-year statutes of limitations are inapplicable to the present case. A suit for the recovery of real property is specifically excluded from the operation of the applicable statute of limitations, i.e., the Residual Limitation Period.[1] TEX.REV.CIV.STAT. ANN. Art. 5529 (Vernon 1958), presently TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). *See also, Jackson*

---

**1.** Sec. 16.051 and Art. 5529 provide: Every action for which there is no express limitation period, *except an action for the recovery of real* *property* must be brought not later than four years after the day the cause of action accrues.

*v. Slaughter,* 185 S.W.2d 759 (Tex.Civ.App. —Texarkana 1944, ref'd, w.o.m.). Therefore, the plaintiff's suit is not time barred.

## V. CONCLUSION

The defendant's motion for summary judgment is denied with respect to the validity of the judgment nunc pro tunc, and the defense of limitations, but it is hereby granted with respect to the validity of the default judgment and the execution sale; therefore, plaintiff's action is in all things DISMISSED with prejudice at plaintiff's cost.