CONTINENTAL STATE BANK OF BIG SANDY ET AL. v. W. E. FLOYD ET AL.

No. 7361.  Decided March 23, 1938.
Rehearing overruled April 27, 1938.
(114 S. W., 2d Series, 530.)

*Victor C. Mieher,* of Tulsa, Oklahoma, *Black, Graves & Stayton,* and *Chas. L. Black,* of Austin, *James & Conner, Phillips, Trammell, Estes, Edwards & Orn,* all of Fort Worth, for relator.

The case is plainly one for the issuance of the writ of prohibition. Houston Oil Co. v. Village Mills Co., 123 Texas 253, 71 S. W. (2d) 1087; Yount-Lee Oil Co. v. Federal Crude Oil Co., 92 S. W. (2d) 493; Hovey v. Shepherd, 105 Texas 237, 147 S. W. 224.

*E. W. Napier,* of Wichita Falls, for respondent.

The Supreme Court has no supervisory control of inferior courts. It can only interfere with their jurisdiction when it is clearly necessary to protect their own jurisdiction. Milam County Oil Mill Co. v. Bass, 106 Texas 260, 163 S. W. 577; City of Palestine v. City of Houston, 262 S. W. 215; Cunningham v. Universal Credit Co., 92 S. W. (2d) 1097.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

This is an original proceeding brought by relators Continental State Bank of Big Sandy and others against respondents W. E. Floyd and others for the issuance of appropriate writ, or writs, to prohibit the respondents from proceeding with two petitions or bills of review which have been filed in the district

courts of Gregg County for the seventy-first and the one hundred twenty-fourth judicial districts.

On March 19, 1932, after trial with a jury, judgment was rendered in a cause pending in the district court of Gregg County for the one hundred twenty-fourth judicial district in favor of Continental State Bank of Big Sandy, plaintiff, and Amerada Petroleum Corporation, intervenor, against D. G. Pepper and wife, Margaret E. Pepper, J. T. Eggleston, U. S. Joines, Charles Anderson and Abe Kaufman, defendants, and W. E. Floyd and J. E. Winans, intervenors, for the title and possession of a tract of 100 acres of land in Gregg County and cancelling and holding for naught all claims to the land asserted by the defendants and the intervenors, Floyd and Winans. The two intervenors last named filed a motion for new trial, which was overruled, but did not appeal. On the appeal of the defendants Pepper and wife, Eggleston, Joines, Anderson and Kaufman, the Court of Civil Appeals reversed the trial court's judgment in so far as it denied recovery to the appellants Eggleston, Joines, Anderson and Kaufman, and rendered judgment in their favor for the mineral interests claimed by them. 60 S. W. (2d) 1089. The judgment of the Court of Civil Appeals was reversed and that of the trial court was affirmed by this Court on June 16, 1937. 130 Texas 71, 106 S. W. (2d) 654.

The principal issue in the case was as to the validity of a trustee's sale of the land made April 3, 1928, to Continental State Bank of Big Sandy at a time when the title, subject to the lien, was in Pepper and wife. Two attacks, among others, made by Pepper and wife, and those holding under them, upon the title of Continental State Bank as purchaser at the trustee's sale were: first, that the sale was invalid for failure to comply with certain formalities; and second, that the bank prior to the trustee's sale agreed with Pepper and wife that the sale was to be made, not for the purpose of divesting title, but solely to satisfy a bank examiner with respect to the note, and that thereafter Pepper and wife should retain the land or reacquire title by continuing to make payments to the bank of the amounts due on the note. The jury in answer to special issues found that it was not agreed that the sale would be a mere formality for the purpose of satisfying a bank examiner, and that it was agreed that Pepper might reacquire the land by payment of the amount of money due the bank. It further found that Pepper did not make the payments to the bank and that after the trustee's sale he moved off the land and abandoned the intention of making the payments. The trial court's judgment sustained

the validity of the trustee's sale and the bank's unqualified ownership of the land thereunder. That judgment, as has been said, was affirmed by this Court.

Secondary issues arose out of a controversy between Eggleston, Joines, Anderson and Kaufman on the one hand and Floyd and Winans on the other as to the ownership under Pepper and wife of the oil, gas and other mineral rights in the land. Eggleston and his associates claimed under an oil and gas lease and a mineral deed executed by Pepper and wife on March 16 and March 27, 1931. Floyd and Winans claimed under written contract executed August 4, 1931, by which Pepper and wife agreed to lease the land to them for oil and gas and to transfer to them an undvided one-half interest in the oil, gas and other minerals. Allegations were made that Eggleston perpetrated a fraud upon Pepper in procuring the execution of the oil and gas lease and mineral deed under which he, Joines, Anderson and Kaufman claimed and that Floyd and Winans by means of fraudulent representations induced Pepper and wife to execute the contract in their favor for the mineral rights. The jury's verdict on these secondary issues was favorable to Eggleston and his associates and unfavorable to Floyd and Winans.

The respondents herein, other than their attorney of record and the two district judges, have filed two petitions, somewhat in the nature of bills of review, one in the district court for the seventy-first district and the other in the district court for the one hundred twenty-fourth district, containing substantially the same allegations. The contents of the second of these only, that filed in the one hundred twenty-fourth district court, will be given, as respondents in their answer herein state that the petition filed in the seventy-first district court has been abandoned and will be dismissed. The plaintiffs in the suit filed in the one hundred twenty-fourth district court are W. E. Floyd and D. G. Pepper and wife and the executrix and heirs of J. E. Winans, deceased. The defendants are Continental State Bank of Big Sandy, Amerada Petroleum Corporation, Stanolind Pipe Line Company (sued as purchaser of the oil from Amerada Petroleum Corporation), J. T. Eggleston, Charles Anderson, Abe Kaufman, I. N. Burnett, C. E. Deaton, and the heirs and administrators of the estate of U. S. Joines, deceased. It is apparent from the petition and the pleadings herein that the parties to the petition recently filed are the same, in fact or by privity, as those who were parties to the judgment rendered March 19, 1932, and affirmed by this Court.

The relief sought by the petition is that the judgment ren-

dered March 19, 1932, be set aside and that the plaintiffs have judgment cancelling the lease executed by Pepper and wife to Eggleston, judgment confirming and establishing plaintiffs' title to the land, lease and mineral rights therein in accordance with the contract of August 4, 1931, cancelling and vacating the trustee's deed, and for full title and possession of the land, together with the reasonable value of the oil and gas produced therefrom. The petition contains allegations of the execution by Pepper of the oil and gas lease and contract with Eggleston and of the subsequent execution of the contract between Pepper and wife and Floyd and Winans whereby Floyd and Winans agreed to clear the title to the land, in consideration of which Pepper and wife agreed to execute to them an oil and gas lease and a conveyance of a one-half interest in the mineral rights. It contains allegations that Eggleston and his associates defrauded Pepper and wife and by false representations induced them to execute the mineral lease and contract with Eggleston. As a basis for avoiding the judgment that made disposition of these conflicting claims, it is alleged that Eggleston, Joines, Kaufman and Anderson, by fraudulent conduct and by threatening to prosecute D. G. Pepper for a felony, if he or his wife or son-in-law testified to the facts with respect to the making of the lease to Eggleston, caused Mrs. Pepper and the son-in-law to absent themselves from the trial and caused D. G. Pepper to testify falsely about the transaction with Eggleston. There is no allegation in the petition that the issues answered by the jury as to the agreement between the bank and Pepper under which Pepper was to reacquire the land sold at the trustee's sale and Pepper's failure to perform that agreement were unfairly tried or that the fraudulent conduct, threats or false swearing alleged had any bearing upon those issues or any effect in their trial.

The settled rule as to the authority of the Supreme Court to issue the writ of prohibition was clearly stated by Judge HARVEY in Houston Oil Company of Texas v. Village Mills Company, 123 Texas 253, 259, 71 S. W. (2d) 1087. He said:

"Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of

those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court."

See also: Hovey v. Shepherd, 105 Texas 237, 147 S. W. 224; Rio Bravo Oil Company v. Hebert, 130 Texas 1, 106 S. W. (2d) 242.

Applying the foregoing rule to the facts of the instant case as above stated, we find that the suits which have been brought in the district courts of Gregg County, by the filing of petitions somewhat in the nature of bills of review, are by the parties, and privies of the parties, to the judgment rendered in the district court of Gregg County (which judgment by its affirmance here became the judgment of this Court) against those, and their privies, in favor of whom that judgment was rendered, and that the two suits directly involve the relitigation of the principal and controlling issue in that case and of the rights established by that judgment, namely, the validiy of the trustee's sale of the land to Continental State Bank of Big Sandy and the rights of the bank, and those who acquired interests in the land from it, to hold and maintain their title and interests so acquired against the attacks and claims of Pepper and wife and those claiming under them. By the judgment affirmed by this Court it was finally determined that the trustee's sale divested Pepper and wife of all title to the land and that Pepper by failing to make the payments that he agreed to make lost the asserted right to retain the land or reacquire title after the trustee's sale. The petitions present, as the sole grounds for avoiding the effect of the trustee's sale and defeating the title acquired under the same, allegations of the agreement that Pepper might retain the land or reacquire title by making payment of the debt and allegations that he made payment and thereby became entitled to have the trustee's deed set aside and the title vested in him. Trial under these allegations would be nothing other than a relitigation of what was tried, and the successful prosecution of these allegations would result in a judgment which would purport to divest rights that were established by the judgment of this Court.

The facts alleged in the petitions with respect to the controversy between Floyd and Winans and Eggleston and his associates as to ownership under Pepper and wife of the oil, gas and other mineral rights in the land and with respect to fraudulent conduct, threats and false testimony in connection with the former trial of the issues arising out of that controversy are immaterial, for proof of them would avail nothing. No judgment

could be rendered for Floyd and Winans or for Eggleston and his associates without disregarding this Court's judgment which established ownership of the land, at the time of the execution by Pepper and wife of the leases and contracts with Floyd and Winans and with Eggleston, to be in Continental State Bank of Big Sandy and not in Pepper and wife.

It is ordered that the writ of prohibition be issued commanding the respondents and each of them to desist from further proceeding with the said petitions filed in the seventy-first district court and the one hundred twenty-fourth district court of Gregg County, Texas, or with said suits, and from further interference with or hindrance of the judgment of this Court entered on January 16, 1937, in Cause No. 6606, entitled Continental State Bank of Big Sandy et al. v. D. G. Pepper et al.*

Opinion adopted by the Supreme Court March 23, 1938.

Rehearing overruled April 27, 1938.