## FLOYD et al. v. EGGLESTON et al.
### No. 3862.

Court of Civil Appeals of Texas. El Paso.

Oct. 12, 1939.

Rehearing Denied Nov. 9, 1939.

W. H. Penix, of Mineral Wells, for appellants.

James & Conner, David B. Trammell, Phillips, Trammell, Estes, Edwards & Orn, and Ernest E. Sanders, all of Fort Worth, Wynne & Wynne, of Longview, C. E. Florence, of Gilmer, Charles L. Black, of Austin, and Victor C. Mieher, of Tulsa, Okl., for appellees.

WALTHALL, Justice.

This suit was brought in the 124th District Court of Gregg County, Texas, by appellants, W. E. Floyd and others (by their intervention), against J. T. Eggleston and others, seeking to set aside a judgment theretofore rendered in said dis-

trict court on or about March 19, 1932, in cause No. 7709, then pending in said court, and to cancel a certain lease made by D. G. Pepper and wife to said J. T. Eggleston and his assigns, and to cancel a deed made by B. C. Todd, a substitute trustee, to Continental State Bank of Big Sandy, Texas, on April 3, 1928, and to cancel an oil and gas lease made by the said Continental State Bank to Amerada Petroleum Corporation, and to have confirmed a judgment establishing their asserted rights under Pepper and wife, or, in the alternative, damages in the amount stated, and to have confirmed and established their (plaintiffs') title to the 100 acres of land involved in the suit and fully described in the petition, the land situated in Gregg County.

The chief issue of title to the 100 acres of land revolve around the question of the validity of the sale made by the substitute trustee, Todd.

Eggleston answered appellants' intervention and alleged matters which we need not state. Amerada Petroleum Corporation intervened, claiming its leasehold rights under the Continental State Bank.

For reasons hereinafter shown, it is not our purpose, nor is it necessary, to state the many issues of fact and law involved in these suits.

Suit No. 7709, in which appellants intervened, was brought by the Continental State Bank of Big Sandy against D. G. Pepper et al., and from the judgment rendered an appeal was taken by certain of the defendants. The case reached the Supreme Court and an opinion was rendered by Judge Smedley, of the Commission of Appeals. The issues and the facts are there stated at length and judgment rendered, to which we refer. Continental State Bank of Big Sandy et al. v. Pepper et al., 130 Tex. 71, 106 S.W.2d 654. A motion for rehearing was overruled, as was application for leave to file a second motion.

Thereafter W. E. Floyd and the heirs of J. E. Winans and Pepper and wife filed a suit in the 124th District Court of Gregg County, being No. 11091–B, against J. T. Eggleston et al. and on October 13, 1937 they filed their first amended petition in said suit.

To that suit appellees here instituted an original proceeding in the Supreme Court by which they sought and obtained a writ of prohibition to prevent Floyd and others from proceeding with the two petitions or bills of review to set aside a judgment for relators, the oil and gas lease, confirm respondents' title to land and recover title to and possession of the land and the value of the oil and gas produced therefrom.

The issues presented and the facts produced in that proceeding and the relief sought by the petition are fully shown in the opinion by Judge Smedley, Commissioner, to which we refer without stating them here. Continental State Bank of Big Sandy et al. v. Floyd et al., 131 Tex. 388, 114 S.W. 2d 530, 533.

In that proceeding the Court ordered: "That the writ of prohibition be issued commanding the respondents and each of them to desist from further proceeding with the said petitions filed in Seventy-First district court and the One Hundred Twenty-Fourth district court of Gregg county, Tex., or with said suits, and from further interference with or hinderance of the judgment of this court entered on January 16, 1937, in Continental State Bank of Big Sandy et al. v. D. G. Pepper et al. [130 Tex. 71], 106 S.W.2d 654."

The opinion was adopted by the Supreme Court. The Court overruled respondents' motions for rehearing.

The trial court in the instant case, on motion of appellees, Continental State Bank of Big Sandy and Amerada Petroleum Corporation, dismissed the case on the ground that "the prosecution of this suit is in conflict with and prohibited by the restraining order and judgment of the Honorable Supreme Court of Texas."

From the above order dismissing the case appellants have perfected an appeal.

### Opinion.

Appellants have filed herein some ten assignments of error. Appellants have at great length stated the matters at issue in the two cases to which Judge Smedley referred, and cited above, and to which the writ of prohibition was directed, and in their assignments of error make the contention that in neither of the bills of review were there allegations of facts as are contained in the instant case, and for that reason submit that the prosecution of this cause is not in conflict with and prohibited by the restraining order and judgment of the Supreme Court stated above. They submit that the petition and bill of review in this cause are different from those referred to and embraced in the restraining order. Appellants submit that the bill of

review in this cause contains allegations of fact sufficient to have the judgment in said cause No. 7709 set aside.

■ We have concluded that this suit, if prosecuted, whether it states sufficient grounds to set aside the judgment in cause No. 7709, to which it refers, or not, interferes with and is a hindrance of the judgment of the Supreme Court in which the restraining order was issued, referred to above, because it directly involves the re-litigation of rights established by said judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will divest appellees of the right thereby secured. Continental State Bank of Big Sandy v. Floyd, 131 Tex. 388, 114 S.W.2d 530; Continental State Bank of Big Sandy et al. v. Pepper et al., 130 Tex. 71, 106 S.W.2d 654, and cases there referred to.

■ An injunctive writ issued by the Supreme Court, not void, must be obeyed, according to its terms until and unless modified or vacated by that Court. Herring v. Houston National Exchange Bank, 113 Tex. 337, 255 S.W. 1097; Conley v. Anderson, Tex.Sup., 164 S.W. 985; Ruling Case Law, Vol. 14, page 470, Sect. 170; Corpus Juris, Vol. 32, page 484, Sect. 833.

■ We concur in appellees' proposition to the effect appellants' motion for rehearing filed in the Supreme Court in the prohibition case was the legal equivalent of a petition by appellants for such modification of terms of the writ issued as would accord appellants the right to attack the judgment in cause No. 7709 on new facts not theretofore pleaded or discovered; and the action of the Supreme Court in overruling said motion is res judicata of appellants' right to maintain this suit on the ground now urged by them, bribery of jurors, which ground was known to appellants and could and should have been set up by appellants prior to the time the court acted on the motion.

As sustaining the proposition appellees refer to McGhee v. Romatka, 92 Tex. 38, 45 S.W. 552; Waggoner v. Knight, Tex. Com.App., 231 S.W. 357; Freeman v. Mc-Aninch, 87 Tex. 132, 27 S.W. 97, 47 Am. St.Rep. 79; 26 Tex.Jur., beginning on page 136 and extending through several paragraphs, the general rule that claims or demands that rights have been adjudicated is stated and discussed.

■ We think also that the judgment of the trial court in dismissing the case was not error, as the record shows that appellants had failed to prosecute their bill of review with diligence. It appears from the record that the judgment complained of was rendered March 19, 1932; appellants' motion for new trial was overruled March 25, 1932; their first bill of review in cause No. 2112–B was filed August 5, 1933, and was dismissed February 1, 1934; their second bill of review in cause No. 8820–A was filed October 18, 1933, and was pending undisposed of on April 28, 1938; their third bill of review in cause No. 11091–B, in the 124th District Court was filed October 13, 1937, and was likewise pending undisposed of on April 28, 1938, when it was dismissed by the 124th District Court. The allegation of bribery is charged to have occurred more than six years before it was alleged to have been discovered, about April 21, 1938.

■ Proceedings to set aside a final judgment after the term are equitable proceedings, jealously watched and granted only in extreme and restricted cases. The general rules and grounds for relief are stated and discussed in 25 Tex.Jur., beginning on page 597, and the many cases referred to in the notes, to which we refer without stating them here.

The issues and the facts pertaining thereto have been fully stated by Judge Smedley in the two cases to which we have referred.

The case is affirmed.