**PENA v. BOURLAND et al.**
**Civ. A. No. 312.**

District Court, S. D. Texas,
Brownsville Division.

June 24, 1947.

E. T. Yates, of Brownsville, Tex., for plaintiff.

J. T. Canales, of Brownsville, Tex., and John A. Pope, Jr. of Rio Grande City, Tex., for defendants.

HANNAY, District Judge.

Manuel Pena, the plaintiff herein, a citizen of the Republic of Mexico, but who resides, and has resided for many years in the City of Mission, Hidalgo County, Texas, brings this suit against B. C. Bourland, Frank Zarsky, and Angela Saenz de Lopez, to recover title to some 200 acres of land, more or less, out of Porcion No. 82, in Starr County, Texas. Plaintiff bases his claim to title by limitation under the ten-year statute, Vernon's Ann.Civ.St.Tex. art. 5510, and a deed from Manuel Lopez Rostro, Marcos Lopez Rostro, Francisco Lopez Rostro, Adan Lopez Rostro, Tomas Lopez Rostro, and Concepcion Lopez, of date September 7, 1944.

Defendants duly answered and set up as their defense that the plaintiff had not stated a cause of action against them because they claim they would be tenants in common and there is no allegation of repudiation of common title and notice to defendants of such repudiation. Defendants also strongly urge a plea of lack of jurisdiction and a plea of res adjudicata, both pleas being founded upon a judgment of the District Court of Starr County, Texas, which is fully described in the agreed statement of facts hereinafter set forth. Defendants also urge in the nature of a bar, the fact that the five Rostro brothers above named, employed counsel, to-wit: E. A. McD niel, to file, and he did file a motion for a new trial in the Starr County case, and that such motion having been overruled, same was not appealed from, but became final. No allegation is urged by the plaintiff that such appeal not being perfected was because of any fraud, or accident, or fault of the defendants herein.

### Findings of Fact.

The statement of facts agreed to by plaintiff and defendants is as follows:

"Manuel Pena, Plaintiff v. B. C. Bourland, Frank Zarsky, and Angela Saenz de Lopez, Defendants. | In the District Court of the United States in and for the Southern District of Texas, Brownsville Division Civil Action 312

Now comes the Plaintiff and the Defendants, through their respective counsel and submit to the Court the following agreed statement of facts, to-wit:

I. The land in controversy in this suit comprises, more or less, 200 acres, and is fully described in the Third Paragraph of Plaintiff's First Amended Original Petition. All of said land being part of what is known as Porcion 82 of the Ancient Jurisdiction of Carmargo, now in Starr County, Texas, originally granted to Nicolas Vela by the Spanish Government in America.

II. The Plaintiff claims title to said land under the 10 years Statute of Limitation, as fully set out in the Fourth and Fifth Paragraph of Plaintiff's Petition.

III. On the 16th day of December A. D. 1910, W. S. Parks, a resident of Jim Hogg

County, Texas, and Martimiano Cantu, a resident of Hidalgo County, Texas, filed in the District Court of Starr County, Texas, a suit, numbered and styled as follows: 'No. 2082, W. S. Parks et al. v. Howard L. Bass et al.,' in trespass to try title, involving all of said above described Porcion 82, against Howard L. Bass and mentioned other defendants, among whom Manuel Lopez, Marcos Lopez, Francisco Lopez, Adan Lopez, Tomas Lopez, B. C. Bourland, Frank Zarsky and Angela Saenz de Lopez, were defendants, in which plaintiff prayed for 'judgment for the title and possession of the land heretofore described; and that they have judgment establishing and quieting them in their title thereto and possession thereof; and that they have judgment against the Defendants for whatever damages to which they may be entitled. The Plaintiffs further prayed that the share or interest of each of Plaintiffs of the above described lands be found and determined by the Court; and if upon the trial of this Cause it should be determined by the Court that some of the Defendants own an undivided interest in said real estate, the Plaintiffs further pray that the share or interest of each of them be likewise determined and that the share or interest of each owner as found by the Court be adjudicated and set aside to him in severalty; and to this end the Plaintiffs prayed that Commissioners of Partition be appointed and that a Writ of Partition issue, etc.'

IV. On the 17th day of December A. D. 1940, the District Clerk of Starr County issued citation under the above Petition to Defendants alleged in said Petition to be residents of Starr County, among whom were Manuel Lopez (also known as Manuel Lopez Rostro); Marcos Lopez (also known as Marcos Lopez Rostro); Adan Lopez and Tomas Lopez.

V. The Sheriff's return on the above-mentioned citation shows that on the 23d day of December, 1940, at 9 o'clock A. M. the above citation came to his hands and that Manuel Lopez Rostro was personally served at the place called Arroyo on December 27, 1940, at 2:45 P. M., and Marcos Lopez Rostro was served at the place called Arroyo on the same day and at the same time. And the return further shows that the citation was not executed as to the Defendants Adan Lopez and Tomas Lopez for the reason that they are not to be found in Starr County. This citation with its return was filed on the 17th day of March A. D. 1941.

VI. As to the Defendant Francisco Lopez, who was alleged in the petition to be a resident of Jim Hogg County, the citation was issued by the District Court of Starr County, Texas, on the 16th day of December, 1940 and the Sheriff's return shows that the citation came to his hand on the 19th day of December, 1940 and the Defendant Francisco Lopez was personally served at San Carlos Ranch on December 19, 1940 at 10:30 A.M.

VII. After the citation and the return thereof in Starr County, mentioned in Paragraph V was filed and on the 7th day of August, 1942, the Plaintiffs filed their Second Amended Original Petition in which they alleged among other things the residence of the Defendants, Adan Lopez and Tomas Lopez, were unknown and prayed for citation by publication to issue. This Second Amended Petition contains affidavit for citation by publication which was sworn to by one of the attorneys for the Plaintiffs on the 7th day of August, 1942.

VIII. Thereafter the Clerk of the District Court of Starr County, on the 8th day of August, 1942 issued citation by publication and the return of the Sheriff shows that the same was published once each week for four consecutive weeks previous to the return date thereof. Said citation was published in The Rio Grande Herald, a newspaper of general circulation which is published in Rio Grande City, Texas. The citation is in due form and the affidavit of Lino Perez, the publisher, is attached thereto, and the names of the Defendants Adan Lopez and Tomas Lopez were among those cited by publication.

IX. On the 18th day of March A. D. 1941, the District Judge of Starr County, Texas, appointed by order entered, the Hon. Eugene N. Catlett to represent Defendants cited by publication in this cause and he filed an Answer for the Defendant Adan Lopez, among other defendants.

X. On the 18th day of March A. D. 1941, the District Judge of Starr County,

Texas, by order duly entered of record, appointed the Hon. Vernon B. Hill to represent the defendants minors in this cause and filed an answer for the defendant Tomas Lopez, who was alleged to be a minor.

XI. On the 22d day of June, 1943, the District Judge of Starr County, Texas, by order duly entered, appointed the Hon. Charles E. Thompson to represent the defendants in the cause who were named in an Affidavit filed in this cause to be in the Military Service, but have no attorney now representing them in this cause, and he filed an answer for such defendants without naming any.

XII. All of the said answers by attorneys ad litem, guardian ad litem and attorney representing defendants in the military service consisted of a plea of not guilty.

XIII. The defendant B. C. Bourland, and the defendant Frank Zarsky, and the defendant Angela Saenz de Lopez, each filed a plea of not guilty in said suit.

XIV. On the 29th day of September A. D. 1943, the District Court of Starr County in the above styled and numbered cause, entered a judgment which recites that Manuel Lopez, Marcos Lopez and Francisco Lopez were duly cited but they failed to answer and made default.

XV. The same judgment further recites that the defendant Adan Lopez appeared by his attorney Eugene N. Catlett and the defendant Tomas Lopez appeared by his attorney Vernon B. Hill, who answered for them.

XVI. The same judgment further recites: 'And the Court after hearing and considering the proceedings, process and the evidence, was of the opinion that judgment and decree should be entered as herein done.' The said judgment further recites that the parties listed in Paragraph Fourth, 'do have and recover of and from all other parties to this suit, plaintiffs, defendants, and intervenors, the title to and possession of the whole of Porcion 82 as herein described, and they and each of them in the respective proportions set out in Paragraph Fourth hereof are hereby quieted in their respective titles and interests as therein set out against the claims of each and every party to this suit.'

XVII. Paragraph Fourth of said judgment mentions the defendants B. C. Bourland, who was allotted 143.333; Frank Zarsky, who was allotted 252.592; Angela Saenz de Lopez, who was allotted 11.122. The Plaintiff W. S. Parks was allotted 1957.916, and the plaintiff Martimiano Cantu was allotted 6.709, but neither of the defendants Manuel Lopez, Marcos Lopez, Francisco Lopez, Adan Lopez or Tomas Lopez were adjudged any land in said Porcion.

XVIII. The land allotted to the plaintiffs W. S. Parks and Martimiano Cantu formed no part of the land in controversy in this suit, but the lands allotted to the defendants B. C. Bourland, Frank Zarsky and Angela Saenz de Lopez in said Porcion 82 constitute part of the land involved in this suit. To this judgment no exception was filed or notice of appeal given.

XIX. Thereafter, at a subsequent term of court, to-wit: on the 27th day of March, 1944 E. A. McDaniel filed an amended motion to set aside the preliminary decree of partition, above-mentioned, for various parties, among them Manuel Lopez, Marcos Lopez, Adan Lopez, Francisco Lopez and Tomas Lopez, and pleading the 10 years Statute of Limitations to the land in controversy in this suit.

XX. Thereafter the plaintiffs W. S. Parks and Martimiano Cantu, through their attorneys, filed a motion to strike out the above motion because the court did not have jurisdiction and the judgment had become final.

XXI. The District Court of Starr County thereafter, on the 8th day of April, 1944 rendered a 'judgment on the partition suit in which the motion filed by McDaniel was ordered to be struck out and reciting that said defendants in open court excepted to the action of the court and gave notice of appeal to the Court of Civil Appeals, Fourth Supreme Judicial District, sitting at San Antonio, Texas.' But no appeal was perfected.

XXII. In the preliminary decree in which the court determined the interest of all parties to Porcion 82 Commissioners of Partition were appointed. The Commissioners of Partition proceeded to allot to the several parties, to whom interests were

allotted in the preliminary decree, shares and tracts of land and allotted to the defendants, B. C. Bourland, Frank Zarsky and Angela Saenz de Lopez their interest in the Porcion at the place claimed by Manuel Lopez, Marcos Lopez, Francisco Lopez, Adan Lopez and Tomas Lopez. This decree of partition, which was rendered on the 8th day of April, 1944 became final.

Witness our hands this 11th day of December A. D. 1945.

> E. T. Yates, Attorney for the Plaintiff.
> John A. Pope, Jr., by J. T. Canales.
> J. T. Canales, Attorneys for the Defendants."

In addition to the above stipulation, on the trial of the case oral testimony was introduced pertaining to plaintiff's claim under the ten-year statute of limitation of Texas, and with reference to heirship; and defendant introduced testimony bearing on the bad faith of plaintiff herein, and tending to show that plaintiff's attorney procured the transfer of the title to the land in question to the plaintiff, an alien, for the express purpose of attempting to secure jurisdiction of the cause of action in the federal court.

 The decision in this case turns largely upon whether or not the judgment in the District Court of Starr County is Void. In Texas a voidable judgment is one rendered by a court having jurisdiction, but rendered irregularly and erroneously. See Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700. A void judgment is a judgment where the record discloses want of jurisdiction; otherwise, a judgment is only voidable. A voidable judgment can be assailed only in a direct attack. An attack, to be direct, must be brought in the court where such judgment was rendered. See Switzer et ux. v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377. Lack of jurisdiction on the part of the court rendering the judgment must be apparent upon inspection of the judgment, or of its record. 25 Tex.Jur. 700, and cases there cited. Jurisdiction is defined as "the power to hear and determine controversies, conferred upon legally organized courts by the constitution and statutes."

 In the case of Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, at page 327, the Supreme Court of Texas well defines what is a "direct" and what is a "collateral" attack on a judgment, as follows: "A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid as * * * where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect," etc.

 This is not a direct proceeding, brought to invalidate the above-mentioned Starr County judgment, but it is a collateral attack upon same, based upon the claim that one of the defendants in the Starr County case, under which the plaintiff herein claims to hold, to-wit: Tomas Lopez (Rostro), was a minor, and that no personal service was had upon him. The record recites that service was had by publication and that a guardian ad litem was duly appointed and acted on behalf of said minor. As stated in 25 Tex.Jur. at page 718, failure to serve a minor defendant will not render a judgment against him vulnerable to collateral attack if he was represented in the suit by a guardian ad litem. See Alston v. Emmerson, 83 Tex. 231, 18 S.W. 566, 29 Am.St.Rep. 639; also, Penn v. Case, 36 Tex.Civ.App. 4, 81 S.W. 349, in which case writ of error was refused.

 Another question raised by the plaintiff was that there was no cross-action filed by the defendants, and that no valid judgment in their favor could be granted. Defendants were in court for all purposes and were duly represented. The recitation in the judgment that they were duly cited could not be collaterally attacked because such recitation imports absolute verity. See Edens v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 172 S.W.2d 730, and the case of Smith v. Walker, Tex.Civ.App., 163 S.W.2d 857, wherein it was held that an admission in evidence of the original citation and its return to determine the validity of

a judgment was error where such judgment recited that defendants had been duly cited by publication, since such recitation imported absolute verity in a collateral proceeding. To the same effect is the case of State Mtg. Co. v. Afflex, Tex.Com.App., 51 S.W.2d 274. The Commission of Appeals goes further in the case of Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277, at page 281, saying " * * * the matter of jurisdiction must be determined by the recitals of the record, and not by mere silence in same; and said recitals must affirmatively disclose a want of jurisdiction."

In the case of Bragdon v. Wright, Tex. Civ.App., 142 S.W.2d 703, in which case the Supreme Court dismissed writ of error, it was held that even though fraud in the procurement of the judgment was alleged, (which is not the case here), such judgment cannot be successfully attacked collaterally. This seems, unquestionably, to be the settled rule of property in Texas. See also Grayson v. Johnson, Tex.Civ.App., 181 S.W.2d 312, at page 314.

Upon the question of the effect of the employment of attorney E. A. McDaniel, and his attempt to have the Starr County judgment set aside, constituting a bar to the recovery of plaintiff and those under whom he holds, see Waggoner v. Knight, Tex.Com.App., 231 S.W. 357, at pages 359, 360; Floyd v. Eggleston, Tex.Civ.App., 137 S.W.2d 182, at page 184. In the latter case a motion was filed in the Supreme Court of Texas, and was held to be res adjudicata of the matter involved. In this connection, see also McGhee v. Romatka, 92 Tex. 38, 45 S.W. 552; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am. St.Rep. 79, and 26 Tex.Jur. 136, and cases there cited.

### Conclusions of Law.

I find as a matter of law that the judgment, of date September 29, 1943, of the District Court of Starr County, Texas, is valid and binding, and constitutes res adjudicata against the plaintiff herein, and that the plaintiff herein is not, as a matter of law, entitled to recover. I, therefore, hold that the judgment here should be, and same hereby is, in favor of the defendants herein, and that they recover from plaintiff herein all court costs in this cause expended.

The clerk will notify counsel.