## FLOYD v. CONTINENTAL STATE BANK et al.

### No. 6378.

Court of Civil Appeals of Texas. Texarkana.

May 27, 1948.

Rehearing Denied June 17, 1948.

Anglin & Jones, William Hurwitz, and Fred Erisman, all of Longview, for appellant.

Phillips, Trammell, Edwards & Shannon, David B. Trammell, James & Conner, and Geo. M. Conner, all of Fort Worth, and Harry D. Page, of Tulsa, Okl., for appellees.

WILLIAMS, Justice.

Appellant, W. E. Floyd, and D. G. Pepper and wife filed this suit March 13, 1947, to set aside, upon alleged equitable grounds, a judgment theretofore rendered on March 19, 1932, in cause No. 7709, styled Continental State Bank of Big Sandy v. D. G. Pepper et al., and to relitigate the issues therein. This petition remained on the docket without issuance of process until August 25, 1947, when appellants filed notice of their intention to take the oral depositions of certain witnesses. Appellees, Amerada Petroleum Company and the trustees in liquidation of above named bank, then filed their motion for orders as follows: (1) Quashing the notice of intention to take depositions on the ground that all such procedures had been enjoined by the District Court; (2) dismissing the case on the ground that the filing and prosecution thereof was prohibited and enjoined by valid final writs and orders issued by the Supreme Court and by the District Court in connected cases; and (3) citing appellant Floyd to show cause why he should not be held in contempt of court. This appeal is from an order quashing the notice to take oral depositions and dismissing the suit. The trial court declined to punish Floyd for contempt of court.

The character of the action and issues involved in cause No. 7709 and the parties thereto are detailed in the opinion of this court of appeals, styled Pepper et al. v. Continental State Bank of Big Sandy, reported in 60 S.W.2d 1089, and in an opinion four years later by the Supreme Court reported in 130 Tex. 71, 106 S.W.2d 654.

During above mentioned four years, Floyd and Winans joined by Pepper and wife filed several petitions in the District Court of Gregg County in the nature of bills of review against all parties to said original cause No. 7709 directly attacking said judgment on grounds of extrinsic fraud. After the Supreme Court had in all respects affirmed the judgment of the trial court, Floyd and associates above mentioned filed their first amended original petition in cause No. 11091–B then pending, the character and contents of which appear in an opinion styled Continental State Bank of Big Sandy et al. v. Floyd, et al., 131 Tex. 388, 114 S.W.2d 530.

Upon the application of the named bank and others, the Supreme Court, as the last mentioned opinion so discloses, issued a writ of prohibition, which reads:

"This day came on to be heard the original writ of prohibition as prayed for herein by the relators against the respond-

ents herein, and the same having been duly considered, because it is the opinion of the court that the said writ should be granted, it is therefore ordered, adjudged and decreed that the writ of prohibition as prayed for herein be, and the same is hereby granted, and that the clerk of this court do issue the writ of prohibition as prayed for herein, directed to the respondents herein, W. E. Floyd, and other named persons, including Clarence E. McGaw, Judge of the 124th Judicial District Court and W. H. Strength, Judge of the 71st District Court, commanding them and each of them to desist from further proceeding with the said petitions filed in the 71st District Court and the 124th District Court of Gregg County, Texas, or with said suits, and from further interference with or hindrance of the judgment of this court, entered on June 16, 1937, in cause entitled: Continental State Bank of Big Sandy, et al. v. D. G. Pepper et al., in accordance with the opinion of this court."

Floyd filed a motion for rehearing in above prohibition case, in which he alleged that since the filing of his amended petition in 11091–B he had discovered new and additional evidence, and if permitted to proceed with the trial in 11091–B, he would seek and obtain leave to amend in which he would set up the new and additional facts which he had since discovered under which he verily believed he would obtain a judgment as against the bank of the rights asserted in his petition. After the motion for rehearing was overruled the Gregg County District Courts dismissed the proceedings then pending.

Thereafter on June 23, 1938, Floyd and others filed another bill of review numbered 12410–B on the docket of the Gregg County District Court. The petition contained the same allegations of fraud in the procurement of the original judgment as did the former cases including 11091–B except now those acts were charged, jointly or indiscriminately, to such hostile parties as appellees and other parties to the original litigation. Bribery of two jurors by "the defendants," a new charge, was made. Appellees here filed their motion to dismiss on the grounds (1) that the case was filed in disobedience of the writ of prohibition and

(2) that plaintiffs were guilty of laches in prosecuting such suit. The trial court sustained the motion to dismiss and upon appeal the Court of Civil Appeals, see Floyd et al. v. Eggleston et al., 137 S.W.2d 182, in all respects sustained the action of the trial court. The Supreme Court denied a writ of error and the United States Supreme Court denied an application for writ of certiorari.

Thereafter, Floyd and others were restrained by the District Court of Gregg County from prosecuting a subsequent suit filed by them to reopen cause No. 7709. Motions during the years from 1942 to 1945 were filed and overruled by the Supreme Court in which Floyd and others sought to have the writ of prohibition issued by the Supreme Court modified upon the contention that they should be permitted to prosecute a bill of review on "new and sufficient" grounds alleged to have been "discovered" after that writ was issued. Later, motions filed in the district court in which attempts were made to reopen or relitigate cause No. 7709 resulted in an order which permanently restrained and enjoined Floyd, his attorneys, agents and assigns from filing in that court at any time in the future any further or additional motion or motions for a new trial, and further:

" * * * from filing in this court at any time in the future, any suit, petition, motion, plea or proceedings whatsoever, the purpose or effect of which may be to directly attack the judgment rendered in said cause No. 7709, entitled Continental State Bank of Big Sandy v. D. G. Pepper et al., affirmed by the Supreme Court of Texas, as aforesaid, or to relitigate the issues therein."

The petition filed by appellants in the instant proceedings charged appellees and others with subornation of perjury, bribery, duress and other alleged acts of extrinsic fraud. In varied forms substantially the same acts had been alleged in the various proceedings above mentioned. Especially so in the allegations of the petition filed in cause No. 11091–B, all such pleadings having been introduced in the instant trial. Appellees did not answer such allegations on their merits but rested their rights, so

sustained by the trial court here, on the writ of prohibition, and the adjudication by the trial court and Supreme Court of the matters herein again sought to be litigated.

The holding in Floyd v. Eggleston, Tex. Civ.App., 137 S.W.2d 182, on page 184, writ refused, with the authorities therein cited, clearly sustain the decree appealed from in the instant cause. This view is further sustained by the refusal of the Supreme Court on four separate occasions in any wise to modify or vacate the terms of the writ of prohibition theretofore issued. The matters here attempted to be raised have been repeatedly adjudicated adversely to the claims of appellants by both the trial and the appellate courts, and evidently a charitable heart influenced the trial court in his refusal to punish for contempt for the violation of the permanent injunction theretofore issued.

The judgment is in all respects affirmed.