**PENA v. HAMMOND, United States Marshal, et al.**

**No. 12434.**

United States Court of Appeals Fifth Circuit.

Feb. 1, 1949.

Elmer T. Yates, of Brownsville, Tex., for appellant.

Brian S. Odem, U. S. Atty, and Kay M. Nolen, Asst. U. S. Atty., both of Houston, Tex., and John A. Pope, Jr., of Rio Grande City, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for an injunction to prevent the defendant from executing a writ of possession issued out of Pena v. Bourland, D.C., 72 F.Supp. 290, to enforce judgment rendered therein on October 6, 1947.

The claim was that the judgment was void because based on a state court judgment in cause No. 2082 on the docket of the District Court of Starr County, Texas, styled W. S. Parks v. Howard L. Bass et al., which was also void.

The defense was: that the judgment of October 6, 1947, under the authority of which the record was issued, had become and was a final judgment finally adjudicating all matters as between the parties to the suit and all matters pleaded by plaintiff; and that said judgment still remains in force and effect and has not been reversed, or in any manner modified.

The district judge, of the opinion that the suit for injunction constituted a collateral attack upon the judgment, sustained the defense and dismissed the suit.

Plaintiff is here urging upon us that the state court judgment was void and that the federal court judgment, based upon that judgment, was, therefore, also void. In making these contentions, appellant overlooks the fundamental weakness of his case. This lies in the fact: that in cause #312, from the judgment in which this appeal comes, plaintiff invoked the judgment of the court upon the same contentions he now puts forward. There the court having complete jurisdiction of persons and subject matter, canvassed and decided these contentions adversely to the plaintiff, and entered final judgment on them against him, and that judgment not having been appealed from, has become final. The marshal is now undertaking to enforce that judgment, and plaintiff's suit to prevent its enforcement is merely a collateral attack upon it, and may not be maintained.

The district judge was right in denying plaintiff relief and dismissing his suit. His judgment is

Affirmed.